CLARKE v. NORTHWESTERN MUT. LIFE INS. CO. et al.

(Circuit Court of Appeals, Eighth Circuit. April 17, 1899.)

No. 1,088.

1. FORECLOSURE SALE—REDEMPTION.
    Under Code Civ. Proc. Neb. § 497a (Comp. St. p. 595), providing for redemption by the owner of premises sold under foreclosure, the owner may redeem, where other than the plaintiff was purchaser, by paying the purchaser, or tendering into court before the confirmation of the sale, the amount of his bid, with 12 per cent. interest from the date of sale.

2. SAME—ANTICIPATING QUESTIONS AS TO EFFECT.
    It is not the business of courts to anticipate controversies, and it will not take jurisdiction of a petition of the owner of the equity of redemption asking leave to redeem from a foreclosure sale, and the advice and instruction of the court as to the effect of redemption, and the nature of the title that will accrue to the redemptioner.

3. SAME.
    Where the court entertains a petition of the owner of the equity of redemption asking leave to redeem from a foreclosure sale, it cannot pass on the question of the effect of the redemption, and the rights and title acquired by it.

Appeal from the Circuit Court of the United States for the District of Nebraska.

On the 31st of January, 1888, William E. and Mary A. Clarke made and delivered their promissory note for $6,500 to the Northwestern Mutual Life Insurance Company, and to secure the payment of the same, made and de-

livered to the insurance company their mortgage deed on the real estate here in controversy. On the 17th of January, 1896, Artemus M. Clarke, the appellant, purchased from the mortgagors, William E. and Mary A. Clarke, the legal title to the mortgaged premises, subject to the lien of the mortgage, but did not agree to pay the same. On the 21st of August, 1896, the insurance company filed its bill in equity to foreclose the mortgage in the circuit court of the United States for the district of Nebraska, in which suit Artemus M. Clarke, the appellant, and all other persons having an interest in the mortgaged premises, were made parties. In the foreclosure suit, the Merchants' National Bank of Omaha, the Nebraska National Bank of Omaha, and the Nebraska Savings & Exchange Bank were made defendants, and filed answers setting forth the amount and nature of their respective liens on or interest in the land. On the 23d of December, 1896, the court rendered a decree in which the following were found to be the order and amount of the several liens on the land, namely: First lien, mortgage to Northwestern Mutual Life Insurance Company, $7,129.39; second lien, mortgage to Merchants' National Bank of Omaha, $8,062.70; third lien, judgment in favor of Nebraska Savings & Exchange Bank, $3,246.56. And it was decreed "that unless the defendant pay the complainant the said sum of $7,129.39, and interest thereon from the date hereof at the rate of seven per cent. per annum, together with the costs of this suit, within twenty days from the date hereof, said mortgaged premises be sold at public vendue, in the manner provided by law, to the highest and best bidder for cash, and, after confirmation of said sale by the court, the proceeds thereof applied—First, to the payment of the costs of this suit and expenses of sale; second, to the payment of the amount hereinbefore found due the complainant, and interest as aforesaid; third, to the payment of the amount hereinbefore found due the defendant Merchants' National Bank; fourth, to the payment of the amount hereinbefore found due the defendant William K. Potter, receiver of the Nebraska Savings & Exchange Bank,—and that the balance of the proceeds, if any, be brought into court to abide the further order of the court." The order of sale was stayed for nine months, after the expiration of which time, and on the 1st day of December, 1897, the mortgaged premises were sold under the decree, and purchased by the Merchants' National Bank of Omaha for $10,150. On the 30th of December, 1897, the appellant filed in the court below a petition for leave to redeem the mortgaged premises. After setting forth the purchase of the mortgagor's equity of redemption, the petition proceeds: "Your petitioner further says that as the owner of said real estate in said deed described, and which is the same real estate as that in controversy in this suit, your petitioner is ready, willing, and able, and now offers, to redeem said real estate from the lien of the decree herein, except that your petitioner is in doubt, and, although he has taken legal advice on the question, he is still in doubt, as to the amount to be paid, the effect of payment, and the nature of the title that will accrue to your petitioner as a result of said payment to redeem said property from the lien of said decree, and therefore your petitioner asks the advice and instruction of the court in that behalf. Nevertheless, your petitioner avers, upon information and belief, that the alleged purchaser at said sale has made no payment on its bid, and that your petitioner is entitled to redeem said premises from the liens of the parties hereto by paying the amount of the complainant's claim, with interest and costs. Wherefore your petitioner prays for an order adjudging and decreeing your petitioner to be the proper person, and entitled, to redeem said real estate from the lien of said decree, and determining the exact amount to be paid by your petitioner in order to redeem the same, and adjudging and decreeing that by so redeeming the same your petitioner will take title thereto free and clear from any right, interest, lien, claim, or demand whatsoever of the complainant, or of any of the defendants hereto, by reason or by virtue of any of the mortgage deeds, judgment liens, or other interests whatsoever of any of the parties to this suit, and that, upon so redeeming the same, the cloud cast upon the title to said real estate by the respective claims of the several parties to this suit may be removed, and that your petitioner may have such other and further relief in the premises as may be just and equitable." Upon consideration of this petition, the court entered the following decree: "It is therefore considered, adjudged, and decreed by

the court that the said defendant, Artemus M. Clarke, be, and he is hereby, permitted to redeem said premises from said sale by paying to the complainant herein, Northwestern Mutual Life Insurance Company, the amount found due it in said decree, with interest, and all the costs of said suit, and by paying to the said Merchants' National Bank twelve per cent. interest upon the amount of its bid, from the date of said sale to the time of such payment, and that, upon redeeming said premises as aforesaid, the said Artemus M. Clarke take the same subject to the several liens of the several parties to this suit, except the complainant, and that, unless the said Artemus M. Clarke redeem said premises as aforesaid within five days from this date, then that said sale be and stand ratified, confirmed, and made absolute, and that a deed to the premises so sold be made in the usual form, and delivered to said purchaser, according to the course and practice of this court, and the laws of the state of Nebraska in such case made and provided." From this decree Artemus M. Clarke, the petitioner, appealed to this court. The assignments of error are that the court erred in not decreeing that the appellant was entitled—"First, to redeem the premises from the sale by paying to the Merchants' National Bank, the purchaser, the amount of its bid, with twelve per cent. interest thereon from the date of the sale to the date of redemption; and, second, upon making such payment, that the appellant take the same title to said premises that the Merchants' National Bank would have taken if redemption had not been made, and the premises had been conveyed to the bank as purchaser at the foreclosure sale."

James H. McIntosh, for appellant.

George E. Prichett, for appellee Merchants' Nat. Bank.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge (after stating the facts as above). If the appellant desired to redeem the premises in question, he should have paid the purchaser (who was not the plaintiff in the action) at the foreclosure sale, or into court before the confirmation of the sale, the amount of its bid, with 12 per cent. interest thereon from the date of the sale to the date of redemption. Code Civ. Proc. Neb. § 497a (Comp. St. p. 595); Swearingen v. Roberts, 12 Neb. 333, 11 N. W. 325. Instead of doing this, the appellant, without redeeming, or paying any sum to effect a redemption, or becoming bound to do so, filed a fishing petition, by which he sought to find out, before he made the redemption or parted with any money or incurred any liability, what rights he would acquire by making it. It seems highly probable that, unless he has the assurance in advance that his construction of the statute will prevail, he will not redeem. It is not the business of courts to anticipate controversies or try moot cases. The appellant had no right to delay the confirmation of the sale and the redemption, and keep the purchaser out of its title to the premises, or the money it paid for them, until it should be determined what he would get if he made the redemption, and whether it would be profitable to make it. The case is not one for a bill of interpleader; and the petitioner is not a trustee, and sustains no trust relation that entitles him to ask the advice and direction of a court of equity as to what he shall do in the premises. The lower court should have dismissed his petition. But it took jurisdiction of the same, and in so doing erred in fixing the amount which the appellant was required to pay to effect the redemption, by not following the rule prescribed by the supreme court of the state of Nebraska in Swearingen v. Roberts, supra, and in undertaking to determine the effect of the redemption upon the

rights of the mortgagees and lienholders, whose mortgages and liens were prior in point of time to the acquisition by the appellant of the mortgagors' equity of redemption in the premises. We decide nothing more than that, in determining the amount necessary to effect redemption, the rule prescribed by the Nebraska statute, as construed by the supreme court of that state, should be followed, and that the effect of the redemption, and the rights acquired by making it, must be left to be determined when a case shall properly arise presenting those questions. As the appellant may have been misled by the action of the lower court in the premises, the order of this court will be that the decree of the circuit court be reversed, and the cause remanded, with directions to that court to enter an order immediately upon the receipt of the mandate of this court giving the appellant the right to redeem, as he may be advised, within 10 days after the entry of such order. Ordered accordingly.