### RICHARD THESING V. ANDREW WESTERGREN.

#### FILED DECEMBER 20, 1905.   No. 14,029.

**Judicial Sale: APPEAL: REDEMPTION: RES JUDICATA.** During the pendency of an appeal from a judgment of the district court confirming a judicial sale, the supreme court is vested with jurisdiction to entertain an application to redeem and to determine the amount of redemption money required for that purpose, and where such jurisdiction is exercised the adjudication of the appellate court incident thereto becomes *res judicata.*

ERROR to the district court for York county: ARTHUR J. EVANS, JUDGE. *Affirmed.*

*Meeker & Wray* and *France & France,* for plaintiff in error.

*F. C. Power, contra.*

JACKSON, C.

The plaintiff in error was the owner of the west half of the northwest quarter and the southwest quarter of section 4, township 12, range 2 west, in York county. This property was incumbered by three separate mortgages. One of the mortgagees instituted foreclosure proceedings in the district court for that county. The holders of the other mortgages appear by cross-petitions seeking a foreclosure of the mortgages held by them. Proceedings were had resulting in a decree foreclosing all of the mortgages. The property was sold upon the decree, and the defendant in error purchased at such sale the east half of the southwest quarter for the sum of $2,205. The west half of the southwest quarter was purchased by Bertha L. Richardson for $1,800; and the west half of the northwest quarter by A. Bothwell, one of the mortgagees, for $1,350. From an order confirming the sale plaintiff in error appealed to this court, and while the appeal was pending applied here for an order permitting him to redeem the

entire tract. The application was by motion, which contained this prayer: "And appellants ask the court to fix the amount to be paid by them to each of said purchasers to redeem said tracts of land from said sales." Jurisdiction of the motion was entertained, and upon the hearing it was ordered that a redemption be allowed from the sale to A. Bothwell upon payment to the clerk of the district court for him the sum of $2,591.92, with 7 per cent. interest from the date of the decree, and all costs; and from the sale to Bertha L. Richardson by payment to the clerk of the district court interest on $1,200 at 12 per cent. from May 15, 1899, to the date of redemption, and at the same rate on $1,000 from November 18, 1901, to the date of redemption, and a return to said Richardson of the $1,800 purchase money held by the sheriff; and from the sale to the defendant in error herein upon payment to the clerk of the district court of interest on $2,205 at 12 per cent. per annum from May 15, 1899, to the date of redemption, and upon the return of the principal of the purchase money paid by such purchaser. All of the sums required by the order of the court to be paid as a condition precedent to the redemption were fully paid, and thereafter the orders of confirmation entered by the district court were vacated by this court and the appeal dismissed by final order of the date of December 17, 1901.

On July 30, 1903, the plaintiff in error instituted an original action in the district court for York county against the defendant in error, alleging as a cause of action that preceding the sale of the real estate recited above he entered into an oral agreement with the defendant in error, by the terms of which it was agreed that the defendant should purchase the real estate afterwards purchased by him at the sale and that the plaintiff should be permitted to redeem the same at any time before final confirmation in the supreme court, by paying to the defendant the amount of the purchase money, together with such interest as the defendant might be obliged to pay

for the use of the money necessary for the purchase; that the defendant did in fact borrow the money and pay for the use of the same interest at the rate of 5 per cent. only; that, when the plaintiff was prepared to and did redeem, the defendant refused to perform the agreement on his part and demanded interest at the rate of 12 per cent. per annum, that being the rate allowed by statute. It is further alleged that, because of the fact that the cause was about to be finally reached in the supreme court and would soon be disposed of, the plaintiff was under duress and was obliged to meet the demands of the defendant in order to avoid the ultimate loss of his property. The defendant, in answer, pleaded the appeal to the supreme court from the order of confirmation, the application there made to redeem, and the order permitting the same and fixing the amount to be paid; that he employed counsel, who appeared and resisted the right of redemption, and urges such proceedings as an adjudication and estoppel. By the reply the proceedings in the supreme court were admitted. After the issues were fully made up in the trial court, judgment was entered for the defendants on the pleadings, and the plaintiff prosecutes error.

We have not set out the pleadings at length nor presented in the statement the entire defense pleaded, because of the conclusion that we have reached that upon the issues stated the judgment must be affirmed. It is contended by the plaintiff in error that this court was without jurisdiction to entertain the application to redeem, and for that reason the order authorizing the redemption and determining the amount of redemption money to be paid is void. The general rule is that, after the jurisdiction of the supreme court attaches, the trial court has no longer authority to take any steps but such as may be necessary to transmit the record to the supreme court and to carry into effect its mandate. An appeal supersedes further exercise of judicial functions and transfers such jurisdiction to the appellate court, where the rights of all parties will be conserved. Exceptions to this rule

are statutory, notably the appointment of a receiver for the preservation of property during the pendency of an appeal, where concurrent jurisdiction is expressly conferred on the supreme and district courts, or the judges thereof. It is doubtless true, as contended by plaintiff in error, that he might have redeemed without application to any court, but he desired something more than an order permitting the redemption. Facts intervened which seemed to require a judicial determination of the amount necessary to be paid to secure that result. We find nowhere authority for holding that such an application, during the pendency of the appeal, might be made in the court below, and it would be anomalous to hold that the jurisdiction does not exist somewhere. We have no doubt as to the jurisdiction of this court to entertain the application to redeem and determine the amount required to be paid by the party desiring to do so. That the plaintiff in error obtained some measure of relief from the procedure adopted by him is evident from the terms of the order, which required him to pay to the purchaser Richardson interest on $1,200 from one date, and on $1,000 from another date. An explanation of this order is found in the argument of counsel that interest was allowed only from the date the money on the bid was actually paid. The validity of the order is not affected by the fact that notice of the application to redeem was not served on the defendant in error, because he was represented at the hearing by counsel and resisted the order. We conclude that the jurisdiction of the court was ample and complete, and that both parties are bound thereby.

It is recommended that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.