LINCOLN SAVINGS & LOAN ASSOCIATION, APPELLEE, V. CARL L. ANDERSON, APPELLANT.

FILED JANUARY 24, 1927. No. 24385.

1. **Appeal:** MORTGAGE FORECLOSURE: REDEMPTION. During the pendency of an appeal from a decree of the district court confirming a judicial sale of property, and prior to the issuance of a mandate on affirmance by this court of such decree, this court is vested with jurisdiction to hear and determine an application to redeem, and to fix the amount of redemption money necessary for that purpose.

2. **Judicial Sales:** PLAINTIFFS. The word "plaintiff," as used in redemption clause reading as follows: "And in case the said real estate has been sold to any person not a party plaintiff to the suit"—of section 9012, Comp. St. 1922, means those parties to the suit granted affirmative relief against the property in

question, and this whether actually appearing as plaintiffs or defendants.

3. **Mortgages:** FORECLOSURE SALE: REDEMPTION. One seeking to redeem such property from such a purchase is required to satisfy the decree running in favor of such purchaser, as well as each and every lien in suit prior thereto; and, in such a case, where redemption is sought and granted, the court should direct that the money paid in by such purchaser be returned to him.

4. **Appeal:** MORTGAGE FORECLOSURE: SATISFACTION OF DECREE IN SUPREME COURT. If the party seeking redemption desires satisfaction of such judgment to be had in this court, he must file herein a certificate of the clerk of the district court showing that all conditions necessary to redemption have been by him complied with.

5. **Bankruptcy, as Affecting Decree of Foreclosure.** A decree entered in a court of competent jurisdiction foreclosing mortgage on real property and ordering sale thereof, and the right of redemption therefrom, are neither affected by the discharge in bankruptcy of the mortgagor.

6. **Mortgages:** FORECLOSURE SALE: REDEMPTION. In a case where the property is bid in by a third party, then the one seeking redemption, under section 9012, Comp. St. 1922, should pay into court a sum equal to such bid to be applied on the liens impressed by the decree in the order of their priority, together with 12 per cent. interest on such bid from its payment to the date of redemption, for the use and benefit of the bidder; and if redemption is had, such interest, together with the bid, should be by the court ordered paid to such bidder by the clerk of such court.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Redemption permitted.*

*C. C. Flansburg,* for appellant.

*Burkett, Wilson, Brown & Wilson, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

THOMPSON, J.
Carl L. Anderson and wife executed two notes running

to the Lincoln Savings & Loan Association, plaintiff and
appellee, hereinafter called the association, and secured
each thereof by mortgage on the lot in controversy. Neither
of which mortgages having been paid, such association
commenced foreclosure proceedings as to each thereof
in the district court for Lancaster county, making the
Farmers State Bank of Davenport a party defendant,
which last named bank interposed a cross-petition on a
mortgage running to it on the same property from such
Andersons, and praying foreclosure thereof. Issues were
duly joined, and decree had on June 22, 1923, by which
it was adjudged that there was due and owing such asso-
ciation on its first mortgage $3,223.66 with interest at
the rate of 10 per cent. per annum from that date, being
the first lien in suit, and on its second mortgage $522.88
with interest thereon at 10 per cent. per annum, being
the second lien in suit; and further found that there was
due and owing the Farmers State Bank of Davenport
the sum of $2,850, which bore interest at the rate of 8
per cent. per annum from the date of decree, and that such
amount was a third lien on such premises. It was further
ordered that the premises be sold and the proceeds applied
in payment of the liens as above indicated. Defendants
Anderson interposed a request for a stay of nine months,
which was granted. Later, an order of sale was issued,
property sold, and bid in by the Farmers State Bank
for the sum of $5,000, which sale was afterwards confirmed,
supersedeas bond filed and approved, and appeal taken
to this court, by the Andersons, which appeal was per-
fected on September 8, 1924, and judgment affirmed on
November 19, 1926. (No written opinion.) In the mean-
time, to wit, January 20, 1925, voluntary bankruptcy pro-
ceedings were instituted by Carl L. Anderson, re-
sulting in his discharge on June 25, 1925. In such bank-
ruptcy proceedings the notes heretofore referred to were
each listed as indebtedness owing by the bankrupt. How-
ever, neither of the mortgagees appeared in such pro-
ceedings, but each relied on the decree of the trial court

and their rights thereunder. Shortly after such confirmation in the trial court, and more than four months prior to the filing of the petition in bankruptcy, Anderson and wife sold and conveyed to Ira C. Deats and W. C. Muirhead all their right, title and interest in and to such lot, together with their right of redemption from such sale. Afterwards, to wit, December 27, 1926, and within the forty days allowed for a motion for rehearing, and before the mandate on such affirmance by this court had been issued, Deats and Muirhead applied to this court, by way of a motion filed in this case, for an order fixing the amount necessary to redeem the land from such decree and sale, which motion came on for hearing January 6, 1927, and case submitted.

The contention of the moving parties is that, as the bid was sufficient to satisfy the association's respective claims, and $854.24 of the claim of the Farmers State Bank, and as the remainder unpaid to the latter, and for which such bank would have been entitled to a deficiency judgment against such Anderson but for such bankruptcy proceedings, was satisfied in full by reason of such proceedings in bankruptcy, such moving parties now have a right to redeem from such sale by paying into court the amount of such bid with interest thereon at 7 per cent. per annum from the date of its payment into court, which so far as this record is concerned is the date of such sale, or if such bank is not under the statute a "plaintiff", then such $5,000 with 12 per cent. interest.

As to these contentions on the part of Deats and Muirhead the Farmers State Bank interposes the following objections in substance, to wit: (1) That, as no motion for a rehearing was filed within the forty days allowed for such purpose, this court is without jurisdiction to consider either proposition presented; (2) that the bankruptcy proceedings could in no manner affect the decree of this court or the rights of the parties under the same as to the securities there involved, or of the procedure to be had thereunder as indicated by section 9012, Comp. St. 1922; (3)

.that, if it should be determined that redemption in this case could be had, then and in that case Deats and Muirhead would be compelled to pay to the clerk of the district court for Lancaster county for the use of the Lincoln Savings & Loan Association the sum of $4,019.66 with interest at .10 per cent. per annum from the date of decree to the date of payment, and for the use of the Farmers State Bank of Davenport the amount of its decree, to wit, $2,850, with 8 per cent. interest per annum thereon from the date of such decree to the date of payment to the clerk; and that such bank is entitled to a return of the money, to wit, $5,000 paid by it into the office of such clerk as the purchase price, and that decree should be so entered herein, and, in addition thereto, that Deats and Muirhead be required to pay before redemption is had, and at the same time as above indicated, the costs of this suit, both in this and the trial court.

We have heretofore held in construing section 497a of the Code of Civil Procedure, now section 9012, Comp. St. 1922, in *Philadelphia Mortgage & Trust Co. v. Gustus,* 55 Neb. 435, as follows: "If from an order of confirmation of a sale of real estate under a decree of foreclosure of a mortgage there has been perfected an appeal to this court, also the execution and approval of the proper appeal bond, the mortgagor may redeem from the sale at any time prior to the decision or decree of this court, by which the order of confirmation may become of force and operative." And in *Thesing v. Westergren,* 75 Neb. 387, we held: "During the pendency of an appeal from a judgment of the district court confirming a judicial sale, the supreme court is vested with jurisdiction to entertain an application to redeem and to determine the amount of redemption money required for that purpose."

The affirmance by us of the judgment of the trial court was not effective to deprive the moving parties herein of their right to redeem, and this court did not lose jurisdiction by reason thereof, and did not and would not at least until the mandate was issued thereon.

As to the question of the effect of the proceedings in bankruptcy upon the rights of the parties to redeem, it is sufficient to say that such proceedings in no manner affected the *res* in question so far as the right to redeem as herein presented is involved. Such an adjudication would neither restrict nor extend the rights of these mortgagees or of the purchaser at such mortgage sale. Their rights would remain as they were before such bankruptcy proceedings were had, governed solely by the decree and section 9012, Comp. St. 1922.

As redemption may not be had, it may be well to state we do not determine the effect that such discharge in bankruptcy, if pleaded, would have as against a motion for a deficiency judgment, as such question is not before us.

As we have found that this court has jurisdiction, and that the matters in controversy here were in no manner affected by the bankruptcy proceedings, the sole question remaining for our consideration is the proper construction to be given to such section 9012, as applied to the facts heretofore related. It will be seen that such section is somewhat involved; that the legislative intent must be ascertained to some extent at least from the purpose of the act, and by so doing thus give the section a reasonable rather than a literal construction. Such section provides, in part, that redemption may be had "from the lien of such decree or levy at any time before the sale of the same shall be confirmed by a court of competent jurisdiction by paying into court the amount of such decree or judgment, together with all interests and costs." Thus, to give the words here used a literal construction, the statute leaves us without a provision as to what shall become of the money that was bid at the sale of the premises and paid into court. If the party redeeming is to pay in such a case only the debt, then the purchaser is left without remedy as to that which he bid and paid and has parted with, a condition which the legislature could not have intended should arise. Therefore, it is concluded by us that the legislative intent was that one seeking to redeem in such a case must pay into

court the amount due and owing the plaintiff, as herein-
after defined, by reason of his mortgage, together with in-
terest thereon from the date of the decree to the date of
redemption at the rate provided in such decree, and costs
of suit.

Such section further provides: "And in case the said
real estate has been sold to any person not a party plain-
tiff to the suit, the person so redeeming the same shall pay
to said purchaser twelve per cent. interest on the amount
of the purchase price from the date of the sale to the date
of redemption, or deposit the same with the clerk of the
court where the decree or judgment was rendered." Thus
again, if we give such section a literal construction, such
clause would apply solely to the actually named plaintiff
in the case, and would not apply to other lien holders who
are made defendants and interpose what we term "cross-
petitions" seeking foreclosure of mortgages or liens on the
premises held by such cross-petitioners. This could not
have been the intention of the legislature, but the word
"plaintiff" must have been intended to mean and include
those who were actually plaintiffs, and such as are con-
nected with the suit as cross-petitioners who might have
properly been made or became plaintiffs; that is, the word
"plaintiff" means those parties to the suit who were grant-
ed affirmative relief against the property in question. Ap-
plying these conclusions to the facts, the rule that would
apply to the one who actually was made plaintiff should
be applied to a case where the property is bid in, as in
this case, by a cross-petitioner who is found to be a subse-
quent lien holder, as in law for the purpose of such re-
demption the purchasing cross-petitioner and all lien hold-
ers prior to him are one. Thus, if such subsequent lien
holder bids in the property, then in order to redeem the
party seeking redemption would be compelled to pay the
entire debt of such subsequent lien holder, as determined
by the decree, and also the debt so determined as to each
and every lien holder in suit prior to that of such pur-
chaser, together with interest on each thereof as pro-
vided in such decree from the date of the entry thereof

until the date of payment, and in addition the entire costs of the suit, and further that in such a case the clerk of the district court, or the sheriff, as the case may be, should be ordered to return to such subsequent purchasing lien holder the entire amount of his bid which he has paid by reason thereof.

Hence, if Deats and Muirhead desire to redeem, such right is hereby granted upon their paying to the clerk of the district court for Lancaster county in this case, within 30 days from the adoption of this opinion, the respective amounts as found due and owing by the trial court, with interest, on that due the Lincoln Savings & Loan Association at the rate of 10 per cent. per annum from the date of the decree until the date of payment, and on the lien of the Farmers State Bank of Davenport interest at the rate of 8 per cent. per annum from the date of such decree to the date of such payment; and the costs of suit, including those of the trial court as well as those of this court; and, further, that the clerk of the district court in such case return to such Farmers State Bank of Davenport the $5,000 heretofore paid into such court by it as its bid.

If, after each and all of such conditions are complied with, and within such 30 days, Deats and Muirhead desire the judgment satisfied in this court, then in that case they shall procure and file herein a certificate of the clerk of such district court showing such compliance; and in the meantime mandate will not issue.

It might be well to state that, where the property is bid in by a third party, then the one seeking redemption, under such section 9012, should pay into court a sum equal to such bid, to be applied on the liens impressed by the decree in the order of their priority, together with 12 per cent. interest on such bid from its payment to the date of redemption, for the use and benefit of the bidder; and, if redemption is had, such interest, together with the bid, should be by the court ordered paid to such bidder by the clerk of such court.

REDEMPTION PERMITTED.