DAVID Z. MUMMERT, APPELLEE, V. FRANK GRANT ET AL.: UNITED STATES OF AMERICA, INTERVENER, APPELLANT.

FILED JUNE 17, 1929. No. 26207.

*James C. Kinsler* and *A. C. Epperson,* for appellant.

*A. M. Smith, contra.*

Heard before ROSE, DEAN, GOOD, EBERLY and DAY, JJ., and RAPER and REDICK, District Judges.

RAPER, District Judge.

In an action to foreclose a tax lien, David Z. Mummert, plaintiff, on November 25, 1925, recovered a decree of foreclosure for the sum of $757.20, with interest at 15 per cent. per annum from that date, and attorney's fee, taxed as costs, of $75.72, which was decreed to be a first lien on the west half of the northeast quarter of section 9, township 24 north, range 10 east, in Thurston county, Nebraska. The United States, because of a claim that the land was not taxable (alleging it to be Indian land) defended. By agreement of all parties, the sale under the decree was delayed until the question of the right of the state to tax the land was passed upon by the United States court of appeals. After that court decided the contention of the United States, holding that the land was taxable, an order of sale was issued on the decree and the land sold thereunder to W. T. Truesdale for the sum of $1,079.63, and on June 9, 1927, said sale was confirmed and the sheriff was directed to execute and deliver deed to purchaser.

From said order of confirmation, the United States, on behalf of Fred A. Baxter, appealed to this court, and gave supersedeas bond to David Z. Mummert, plaintiff, and W. T. Truesdale, purchaser, which bond was duly approved. The defendant Fred A. Baxter, owner of the land, has applied to this court for leave to redeem. The right to redeem is not questioned by appellees. The motion of the defendant Baxter to redeem is sustained. The only contest is the amount to be paid for such redemption.

Concerning the status of the parties under such appeal, it was said by Judge Harrison in *Philadelphia Mortgage & Trust Co. v. Gustus,* 55 Neb. 435: "The appeal and bond, if they did not vacate the order of the district court, superseded, suspended, or rendered it inoperative. The purchaser acquired no rights and the applicant was not divested of his title to, and rights in, the land. (Citing cases.) All things remained as before the sale and subsequent order of the district court, and will so remain and exist until a decision in and by this court of the matter appealed."

The statutes controlling the foreclosure of tax liens gives no specific directions as to amount necessary to redeem in cases in this present situation. Section 6088, Comp. St. 1922, concerning tax lien foreclosures, provides that the tax sale purchaser may proceed to foreclose his lien "in all respects as far as practicable in the same manner and with like effect as is provided for the foreclosure of real estate mortgages." Section 6095, Comp. St. 1922, gives right of such redemption after the sale and before confirmation by paying "the sum for which the land was sold, with interest and costs to date of confirmation." This language is not clear. If it is redeemed before confirmation, there can be no confirmation. Perhaps the law was intended to mean the date of redemption, and not date of confirmation. That is its effect.

This provision, without doubt, presupposes that on the sale and confirmation the holder of the tax lien will be paid the proceeds of the sale, or enough to satisfy his decree, interest, and the costs, and such payment would have been made if the supersedeas bond had not been given. This bond prevented the plaintiff from receiving his money, and took from the purchaser the right to the title and possession of the land, and the owner retained the use and possession of his land during the appeal.

It is wholly unfair and inequitable to permit the owner to enjoy the possession of the land and withhold the rights of the plaintiff and purchaser, and to now redeem by paying only the amount of plaintiff's decree, with interest to date of confirmation, and costs, which the owner now contends is all that he should be required to pay.

A reasonable construction of section 6088, Comp. St. 1922, giving a like effect to tax sale foreclosures as the law provides for mortgage foreclosures, where no other specific statute intervenes, makes it apply to redemption after confirmation and appeal to this court, with the same effect as redemption in this court from mortgage foreclosures. That requires the payment of the decree with interest, as found by the trial court, to the date of redemption, and

costs, and 12 per cent. on the money actually paid by the purchaser on his bid, and which has been held by the sheriff, pending the appeal, from the time of such payment to date of redemption. This is in accord with the holding in the case of *Lincoln Savings & Loan Ass'n v. Anderson,* 115 Neb. 199, and *Trompen v. Hammond,* 61 Neb. 446.

The cause is remanded to the district court, with directions to determine the amount paid by the purchaser to the sheriff on his bid, and which has been held by said sheriff, and, if Fred A. Baxter, within 30 days after the court has determined said amount so paid by the bidder to, and held by, said sheriff, shall pay to the clerk of the district court the amount of plaintiff's decree, with interest at 15 per cent. from date of decree to date of redemption, and all costs in the district and supreme court, including attorney's fee, and also pay to the clerk of the district court, for the use of the bidder, 12 per cent. interest on the amount so paid by the bidder, from the time of such payment to the date of redemption, the redemption will be permitted. In case of such redemption, the sheriff shall return to the bidder the amount so held by the sheriff. If such payments are so made within the time hereinabove directed, the redemption will be effective, but, unless the payments are so made, the decree of the district court, confirming the sale and ordering deed made to the purchaser for the land described in the seventh cause of action in plaintiff's petition, will stand affirmed.

JUDGMENT ACCORDINGLY.

EBERLY, J., dissenting.

In this case I find myself unable to assent to the disposition made by this court of the matters involved in this case. I have no quarrel with the principle announced in the syllabus, but my sense of public duty impels me to protest against the exactions imposed upon the redemptors in this case as wholly unauthorized by law.

As preliminary to the discussion, it is suggested that, in addition to the facts recited in the opinion, it is undisputed that Truesdale, the purchaser at the foreclosure sale, was

not a party plaintiff, nor had he any interest in the decree of foreclosure under which the sale was had, and that the amount of his accepted bid was less than the amount due on the decree of foreclosure at the time of the sale.

I also agree with the majority opinion that the sole question presented by the application to redeem is the amount to be paid for such redemption. It is, however, to be remembered that at this stage of the proceedings (after sale and before final confirmation) the right of redemption is wholly statutory and the amount required for that purpose must be consistent with the express terms of the controlling statute. *Swearingen v. Roberts,* 12 Neb. 333.

Assuming the conclusion stated in the majority opinion that "the amounts to be paid for such redemption shall be the same as fixed by law for redemption from sales under foreclosures of mortgages," then it must be admitted that the provisions of section 9012, Comp. St. 1922, are controlling. This statute, which was originally enacted in 1875 under the title, "An act providing for the redemption of real estate from decree and judgment liens," and which has never been amended, contains the following provisions:

"The owners of any real estate against which a decree of foreclosure has been rendered in any court of record, or any real estate levied upon to satisfy any judgment or decree of any kind, may redeem the same from the lien of such decree or levy at any time before the sale of the same shall be confirmed by a court of competent jurisdiction by paying into court the amount of such decree or judgment, together with all interests and costs; and in case the said real estate has been sold to any person not a party plaintiff to the suit, the person so redeeming the same shall pay to said purchaser twelve per cent. interest on the amount of the purchase price from the date of the sale to the date of redemption, or deposit the same with the clerk of the court where the decree or judgment was rendered."

The words of this statute are applied to the subject-matter before us by the majority opinion with the following result:

"That requires the payment of the decree with interest (at 15 per cent.), as found by the trial court, to the date of redemption, and costs, and 12 per cent. on the money actually paid by the purchaser on his bid, and which has been held by the sheriff, pending the appeal, from the time of such payment to date of redemption."

In support of this conclusion the majority opinion cites *Trompen v. Hammond*, 61 Neb. 446. In that case there was no application for redemption and the amount necessary for redemption is not in any manner considered by the court either in the opinion or in the syllabus. It also cites *Lincoln Savings & Loan Ass'n v. Anderson*, 115 Neb. 199. In the case last cited it is to be noted that redemption was allowed against a purchaser who was a party plaintiff, and the parties redeeming were required to pay, it is true, the amount of the decree, interest, and costs to time of redemption, and it is also to be noted that the exaction of 12 per cent. under the second clause of section 9012, Comp. St. 1922, was not only not permitted as a fact, but was expressly denied as a part of the opinion.

Then, too, the majority opinion in the instant case ignores the fact that in *Swearingen v. Roberts*, 12 Neb. 333, this court was early committed to the doctrine in absolute variance with the result directed by the majority opinion. In the case last cited the question presented for decision is the same as in the instant case. It was stated by Maxwell, J., as follows:

"The question to be determined in this case is, whether or not the owner of real estate, which has been sold to one not the plaintiff in the action under a decree of foreclosure, must, in order to redeem the same, pay or tender the entire amount of the decree, with interest and costs, with 12 per cent. additional interest on the purchase money, or only the amount paid by the purchaser, with 12 per cent. interest thereon."

The answer to this question by this court was:

"Where real estate has been sold under a decree of foreclosure, to any person not a party plaintiff to the action,

the owner of the equity of redemption may redeem the same at any time before the confirmation of the sale by paying to the purchaser the purchase money, together with twelve per cent. interest thereon, from date of sale to the date of redemption."

And in this connection it should be noted that the exact position taken by the present majority opinion was before the court in that case, as may be seen from the following language employed by Maxwell, J.:

"It is very strenuously insisted that in any case a party redeeming must pay the amount of the decree, interest, and costs; and if the premises are sold to any person not the plaintiff in the action he must, in addition, pay the purchaser 12 per cent. interest on the purchase money."

But that contention was refuted by the majority opinion in *Swearingen v. Roberts,* 12 Neb. 333, after full consideration of all the equities involved. Indeed, the statement for the fundamental reason for the existence of the legislation construed cannot be better stated than in the language of Judge Maxwell in that case:

"The object of the statute is to grant relief to the debtor, and the legislature certainly did not intend to place hindrances in the way of redemption by imposing upon the debtor the payment of 12 per cent. to the purchaser in addition to the interest on the decree."

This determination has received the unquestioned adherence of this court. Indeed, until the instant case that doctrine thus expressed had long since passed beyond the realm of discussion and was accepted as a matter of course. See opinion of Barnes, J., in *Citizens Bank of Stanton v. Young,* 78 Neb. 312. And it is also to be noted that a careful reading of the opinion in *Lincoln Savings & Loan Ass'n v. Anderson,* 115 Neb. 199, cited by plaintiff, discloses the fact that this court in that opinion is committed to the doctrine that the two clauses of section 9012, Comp. St. 1922, are applicable to different states of fact, viz., the first clause solely to redemption made as against the purchaser who is a party plaintiff, and the second clause as to redemption

made solely against the party who is not a party plaintiff, and as to the latter situation that case last referred to expressly reiterated the rule first adopted in *Swearingen v. Roberts,* 12 Neb. 333, as is shown by the sixth paragraph of the syllabus.

Not only is this conclusion established by a fair construction of the language employed in the decisions referred to, but it is unquestionably supported when we consider what has been actually done and required by this court pursuant to the declarations made, in its allowance of redemptions heretofore on and after appeal taken from the district court. For this purpose let us examine the case of *Thesing v. Westergren,* 75 Neb. 387, which appears to be the first case in which the doctrine was announced by this court that "During the pendency of an appeal from a judgment of the district court confirming a judicial sale, the supreme court is vested with jurisdiction to entertain an application to redeem and to determine the amount of redemption money required for that purpose." Condensing the facts gleaned from records on file here, it may be said that Thesing was the owner of certain real estate in York county, an undivided tract, which was mortgaged in three separate parcels, one to Bothwell, one to Thompson, and one to Stockman. These mortgages were foreclosed in a single action and decree of foreclosure entered in favor of Bothwell for $2,591.92, also in favor of Thompson for $2,224.06, and in favor of Stockman for $2,250. Pursuant to decree the premises were sold on the 15th day of May, 1899, as follows: One tract to Bertha L. Richardson, *"not a party plaintiff,"* for $1,800, which was less than the amount of the decree. The second tract sold to Bothwell, *"a party plaintiff,"* for the sum of $1,350, materially less than his decree. The third tract was sold to Andrew Westergren, *"not a party plaintiff,"* for the sum of $2,205, which was less than the amount of the decree. The sale thus made was confirmed in district court, appeal taken to the supreme court, and about the 11th day of December, 1901, some two years after confirmation, application to redeem was made

here and by this court allowed under the statute referred to. It will be noted that the redemption was from the purchasers, one of whom was "a party plaintiff," and also some purchasers who were "not parties plaintiff." This court at that time unhesitatingly followed the principles announced in *Swearingen v. Roberts*, 12 Neb. 333. The redemptor was by this court required to pay Bothwell, "a party plaintiff" who had purchased his lands for $1,350, the sum of $2,591.92 (the amount of his decree) with 7 per cent. interest from the date of the decree and all costs. This was under the first clause of section 9012, Comp. St. 1922. The redemptor was required to pay to Bertha L. Richardson, who was *"not a party plaintiff,"* her purchase money only with interest at the rate of 12 per cent. on the same money. He was required to pay Westergren, not a party plaintiff, likewise the purchase money and 12 per cent. per annum thereon from the date of sale to the date of redemption. He was required to pay no part of the unsatisfied decrees in favor of mortgagees Thompson and Stockman which remained after confirmation of the mortgage sale. And this record further discloses that, when it appeared to this court that "all the sums required by the order of the court to be paid as a condition precedent to the redemption were fully paid, thereafter the orders of confirmation entered by the district court were vacated by this court and the appeal dismissed by final order of the date of December 17, 1901."

The writer has searched in vain for a single instance in the history of this court since the case of *Swearingen v. Roberts*, 12 Neb. 333, was determined, wherein this court has departed from the principles announced in that case, or has materially varied from the manner in which they were applied in the case of *Thesing v. Westergren*, 75 Neb. 387. In the present case, without discussion of *Swearingen v. Roberts, supra*, by its order it in effect has nullified the principles announced therein and departed from that which by long acquiesence has become a rule of property in this state. We have not overlooked the fact that by appeal in the instant case the redemptor prolonged the time of the

pendency of this case to the damage of the parties plaintiff, and it is said should therefore be required to pay therefor.

It is respectfully suggested that redemption after foreclosure sale is wholly statutory; that the rights of the parties are measured in the terms of the statute, and it is not the province of the court either of equity or law to nullify the valid enactments of our legislature by conveniently ignoring their express terms. The applicable maxims are that *"Equity follows the law"* and that *"Equality is equity."* Besides, in the York county case referred to, the same considerations were before the court that appear in this case, and the court is to be read in the figures of their decree.

In conclusion, the writer respectfully and earnestly protests that exaction of 27 per cent. from the redemptor in the present case, as a condition of redemption, is unauthorized by statute, and violative of the uniform precedents of half a century.