Knox County, appellee, v. Earl E. Perry et al., appellees: D. P. Wetzel et al., appellants.

7 N. W. (2d) 475

Filed January 6, 1943.   No. 31497.

*R. J. Shurtleff*, for appellants.

*W. Keith Peterson, contra.*

*Andrew D. Mapes* and *H. G. Greenamyre, amici curiæ.*

Heard before Simmons, C. J., Rose, Eberly, Paine, Carter and Yeager, JJ.

Paine, J.

This action involves a tax foreclosure brought by the county of Knox, the county having waited two years before bringing foreclosure of numerous tax certificates in this one action. Sheriff's sale was had, and a person not a party to the suit bid in one tract for $400, which was less than the amount of the decree on that item. The sole question involved is the amount which the owner of the land should be required to pay to redeem from this sale before confirmation.

No answer was filed by any of the defendants. The decree of foreclosure was in the usual form. No evidence was

taken by the district court, but the original tax sale certificate upon which the ninth cause of action was based was filed with the clerk of the court and canceled by him.

This decision is entirely in reference to the real estate set out in the ninth cause of action. After the sheriff's sale the owner filed objections to the confirmation on the ground that it did not sell for its fair market value and that a subsequent sale would bring a higher price, and further requested that before confirmation he be given an opportunity to redeem the real estate by the payment into court of the amount required by the laws of Nebraska, and that he be accorded a judicial determination of the amount necessary to redeem, and be given a reasonable time to comply with the order.

Thereafter the district court entered an order, giving such defendant five days in which to redeem said real estate by paying the full amount of said decree with interest and costs, including the attorney's fees. Thereafter, the owner having failed to redeem the premises on the terms set out, the sale was confirmed, and the sheriff directed to execute and deliver a deed to the purchaser, from which decree the owner of the property appeals.

The owner of the land sets out, as the error relied upon for reversal, that the court erroneously required him to make payment of the full amount of the decree, when he stood ready to redeem by the payment of the amount of the bid plus interest and costs.

Section 77-2047, Comp. St. 1929, is cited as his authority, and reads as follows: "Any person entitled to redeem any lot or parcel of land may do so at any time after decree of foreclosure and before sale by paying to the clerk of the court the amount found due against the same with interest and costs to date of redemption. *If redemption is made after sale and before confirmation* such person must pay the sum for which the land was sold, with interest and costs to that (date) of confirmation." (Italics ours.)

Appellant insists that he had the right to redeem, within the terms of this statute, up to the time of confirmation by

the payment of the amount of the bid with interest and costs.

There being a question as to which method of foreclosure was employed by the county in this case, it is necessary to set out the steps taken, as shown by the pleadings, before discussing the section of the statute applicable thereto, as well as some of the decisions of our court in relation to the foreclosure of delinquent taxes by counties.

The petition, which was filed November 19, 1940, alleged that the county of Knox purchased the tax sale certificate on November 7, 1938, for delinquent taxes for the years 1931 to 1937, inclusive, together with delinquent special improvement taxes, also the taxes which have become delinquent for the years 1938 and 1939, with lawful interest and charges, which all amounts to the sum of $456.56. Service by publication was made for four weeks.

On April 15, 1941, a decree was entered in the case, which, omitting portions thereof, finds generally in favor of plaintiff upon its cause of action; that the taxes for the years 1931 to 1937, inclusive, were duly levied and assessed against said real estate and were delinquent, and said real estate was on November 7, 1938, duly sold to the said county, and tax sale certificate No. 343 was issued by the county treasurer to said county, and plaintiff is now the owner and holder thereof; that thereafter taxes were levied for the years 1938 and 1939, which have become delinquent, and that there is due the said county the sum of $527.65 with interest at the rate of 7 per cent. per annum on account of said tax sale certificate and the subsequent taxes, which sum is a first and paramount lien upon the real estate; that the county of Knox is entitled to a foreclosure of its lien for taxes as found due.

On May 16, 1941, order of sale was issued, directing the sheriff to cause the real estate to be advertised and sold as upon execution to satisfy the tax liens, and on June 26, 1941, the sheriff's return states that he sold the real estate described to Vendelin Hanzlik for $400.

On June 30, 1941, defendant D. P. Wetzel, claiming own-

ership of real estate, filed objections to confirmation of sale, alleging that the real estate did not sell for its fair market value and that at a subsequent sale said real estate would sell for more than the decree, interest and costs. Said Wetzel requested the court that before confirmation he be given opportunity to redeem the real estate by payment into court of the amount required by law, and that he be accorded a judicial determination of the amount necessary to redeem, and a reasonable length of time in which to comply with any order the court might make as to said redemption.

On March 5, 1942, the court ordered that defendant be given until March 10, 1942, to redeem said premises by paying the full amount of the decree with interest and costs.

On March 26, 1942, order was issued, finding that the owners of the equity of redemption had failed to redeem said premises on or before March 10, 1942, and that said sale should be confirmed, and the sheriff was ordered to execute and deliver a deed to the premises to the purchaser.

We will now take up the several methods by which a county can foreclose its tax liens. The public revenue act of 1903 was a new and comprehensive act, set out in chapters 73, 74 and 75 of the laws of that year. In it the legislature provided several separate methods by which a county could enforce its lien for taxes against real estate.

The first method is set out in section 231, ch. 73, Laws 1903, and gave the county a lien for all taxes due all of the taxing bodies, with the right in the county to foreclose such general lien upon each tract of land for all taxes, without buying a tax sale certificate thereon, it having been held in *Logan County v. Carnahan,* 66 Neb. 685, 693, 92 N. W. 984, 95 N. W. 812, that the county must have a tax certificate to foreclose. This plan is set out in detail and with amendments in section 77-2039, Comp. St. 1929, and provides that the owner might redeem his property at any time within two years from the date of the sale by paying the amount of the taxes found due thereon with subsequent taxes, interest and costs. This section was discussed in *Commercial Savings & Loan Ass'n v. Pyramid Realty Co.,* 121 Neb. 493, 237 N. W. 575.

A second method for the foreclosure of delinquent taxes by counties is set out in section 232, ch. 73, Laws 1903, and provides that any person, county, city or village can buy a tax sale certificate for delinquent taxes and hold the same for two years, which would be until after the time for redemption had expired, and then foreclose such tax sale certificate, or tax deed in case one was secured, in the same manner as provided for the foreclosure of a real estate mortgage, and this method, with amendments, is now found in section 77-2040, Comp. St. 1929. See *City of McCook v. Johnson*, 135 Neb. 270, 281 N. W. 69; *Moffitt v. Reed*, 124 Neb. 410, 246 N. W. 853.

The third method was originally set out in chapter 73, Laws 1903, beginning with section 233, and is now found in section 77-2041, Comp. St. 1929, and provides that a foreclosure action may be brought by any county, city, village, school district, town, drainage district, irrigation district, or any other municipal subdivision or public corporation immediately after the purchase of a tax sale certificate. If brought at any time before the expiration of the two-year period for redemption, the owner or a lienholder may redeem his property by paying the amount for which such land sold, with interest and costs of suit.

It appears that the procedure to be followed under sections 77-2040 and 77-2041, Comp. St. 1929, is set out in sections 77-2042 to 77-2047. See *Lincoln County v. Shuman*, 138 Neb. 84, 292 N. W. 30.

The fourth method, in the order in which they appear in the present statute, was by a state tax suit under the scavenger tax law, found in Revenue Act, 1903, as chapter 75, in which redemption might be had by the owner by the payment of the amount for which the land sold, with interest, as set out in section 77-2127, Comp. St. 1929.

It is our opinion, from this analysis, that the second method was the one used by the county of Knox in the case at bar. In brief, this second method provided that the county could purchase and hold the tax sale certificate for two years and then foreclose the same in the same manner as a real estate mortgage would be foreclosed.

The redemption under mortgage foreclosure was first enacted as Laws 1875, p. 57, and has never been amended, and is set out as follows: "The owners of any real estate against which a decree of foreclosure has been rendered in any court of record, or any real estate levied upon to satisfy any judgment or decree of any kind, may redeem the same from the lien of such decree or levy at any time before the sale of the same shall be confirmed by a court of competent jurisdiction by paying into court the amount of such decree or judgment, together with all interests and costs; and in case the said real estate has been sold to any person not a party plaintiff to the suit, the person so redeeming the same shall pay to said purchaser twelve per cent. interest on the amount of the purchase price from the date of the sale to the date of redemption, or deposit the same with the clerk of the court where the decree or judgment was rendered." Comp. St. 1929, sec. 20-1530.

The first case reported under this section is that of *Swearingen v. Roberts*, 12 Neb. 333, 11 N. W. 325, in which case Judge Maxwell held in 1882 that, "Where real estate has been sold under a decree of foreclosure, to any person not a party plaintiff to the action, the owner of the equity of redemption may redeem the same at any time before the confirmation of the sale by paying to the purchaser the purchase money, together with twelve per cent. interest thereon, from the date of sale to the date of redemption."

Judge Maxwell held that courts in equity from an early period have held that until foreclosure the mortgagor might redeem the forfeited estate if he offered to pay the amount due and costs, and that this right to redeem, which could be enforced in a court of equity, was called the equity of redemption, and was a right which attached to every mortgage.

There was a sharp dissent by Chief Justice Lake, and Judge Maxwell, anticipating this, said: "It is very strenuously insisted that in any case a party redeeming must pay the amount of the decree, interest, and costs; and if the premises are sold to any person not the plaintiff in the

action he must, in addition, pay the purchaser 12 per cent. interest on the purchase money. There is no doubt the language used in the section above quoted, if taken by itself, will admit of that construction."

Examining the last part of section 20-1530, Comp. St. 1929, attention is called particularly to the words, "the person so redeeming," which must refer to the same person who has just redeemed it by first paying into court the amount of the decree. Is it not the intention of the legislature, although not clearly expressed, that the person then, after redeeming, must make the successful bidder whole by paying him 12 per cent. upon the money held to protect his bid?

We are inclined to adopt the reasoning of Chief Justice Lake in saying: "On a careful examination of this provision I think it will be conceded that it is somewhat peculiar, differing essentially from those ordinarily made for the redemption of lands from sales merely under decrees or executions. The privilege which it gives to the debtor is not to redeem his land from the sale alone, but from the 'decree or levy.' This, of course, can only be done in the mode directed, which is 'by paying into court the amount of such decree or judgment, together with all interest and costs;' and, if sale has been made to a person other than the plaintiff or judgment creditor, there must also be paid to the purchaser '12 per cent. interest on the amount of the purchase price from the date of the sale to the date of the redemption,' * * * . The precise meaning of the last clause may be somewhat obscure, but I think a little reflection will make it apparent that it is merely an additional requirement to the right to redeem in those cases wherein a stranger to the record becomes the successful bidder." *Swearingen v. Roberts, supra.* This construction of this statute is to be preferred.

The fundamental principle of statutory construction is to ascertain the intent of the legislature, and to discover that intent from the language of the act itself. It is not the court's duty, nor is it within its province, to read a

meaning into a statute that is not warranted by the legislative language. See *State v. School District,* 99 Neb. 338, 156 N. W. 641; *State v. City of Lincoln,* 101 Neb. 57, 162 N. W. 138.

"In the construction of a statute, effect must be given, if possible, to all its several parts. No sentence, clause or word should be rejected as meaningless or superfluous, if it can be avoided; but the subject of the enactment and the language employed, in its plain, ordinary and popular sense, should be taken into account, in order to determine the legislative will." *Hagenbuck v. Reed,* 3 Neb. 17.

In our opinion, the proper interpretation of section 20-1530, Comp. St. 1929, is that it gives the owner of real estate which has been foreclosed the right to redeem before sale by paying the amount of the decree, and after a purchaser has bid in the property at a sheriff's sale the party redeeming must, in addition, pay the purchaser 12 per cent. on the amount of the purchase price. See *Lincoln Savings & Loan Ass'n v. Anderson,* 115 Neb. 199, 212 N. W. 210.

In the case of *Mummert v. Grant,* 118 Neb. 651, 225 N. W. 773, District Judge Raper, in writing the opinion for this court, said in the syllabus: "Where an appeal has been brought to this court from an order confirming a sale under a tax *lien* foreclosure, the owner may redeem from such sale before a final order has been entered in this court; the amounts to be paid for such redemption shall be the same as fixed by law for redemption from sales under foreclosures of mortgages." But in the text of the opinion he set out clearly what amount was fixed by law: "A reasonable construction of section 6088, Comp. St. 1922 (present section 77-2040, Comp. St. 1929), giving a like effect to tax sale foreclosures as the law provides for mortgage foreclosures, where no other specific statute intervenes, makes it apply to redemption after confirmation and appeal to this court, with the same effect as redemption in this court from mortgage foreclosures. That requires the payment of the decree with interest, as found by the trial court, to the date of redemption, and costs, and 12 per cent. on the money ac-

tually paid by the purchaser on his bid, and which has been held by the sheriff, pending the appeal, from the time of such payment to date of redemption. This is in accord with the holding in the case of *Lincoln Savings & Loan Ass'n v. Anderson,* 115 Neb. 199, and *Trompen v. Hammond,* 61 Neb. 446."

Many cases have been cited under the third method of foreclosing tax liens, in which section 77-2041 provides a redemption by paying the amount of the bid, but those cases cannot be accepted as authority for redemption under section 77-2040 when the county of Knox after careful consideration decided to bring the foreclosure under the second method herein set out.

While a study of the excellent briefs submitted in the instant case shows abundant reason for doubt on the question submitted, which this court in some of the decisions cited may have failed to clarify, we are now convinced that the action of the district court, in denying appellant the right to redeem his real estate by paying simply the amount bid at the sheriff's sale, with interest and costs, was right. and it is hereby affirmed.

AFFIRMED.

Eberly, J., dissents.