PETER C. NELSON v. NEBRASKA LOAN & TRUST COMPANY.

FILED SEPTEMBER 18, 1901.  No. 10,101.

1. **Facts Set Forth Constitute General Appearance.** A party who appears in a case, asks to be and is made a party defendant for the purpose of objecting to a confirmation of sale in foreclosure proceedings, and objects to the confirmation because he was the owner of the property sold and was not served with summons, and because another defendant, being a resident of the state, was served only with notice by publication, thereby makes a general appearance for all purposes of the case.

2. **Constructive Service No Ground for Setting Aside Sale.** It is no sufficient ground to set aside a sale of real estate made in fore-

closure proceedings that a party not necessary nor indispensable to the action was only constructively served with summons when he was a resident of the state.

ERROR from the district court for Custer county. Tried below before GREENE, J.  *Affirmed.*

*Henry M. Kidder,* for plaintiff in error.

*Jacob Baily* and *Augustus R. Humphrey, contra.*

HOLCOMB, J.

From an order overruling a special appearance and objections to the jurisdiction of the court over him, and confirming a sale of real estate made by the sheriff in foreclosure proceedings, Peter C. Nelson as plaintiff in error prosecutes error in this court. The plaintiff in error was not made a party defendant in the foreclosure action. By a special appearance he came into court and objected to its jurisdiction over him because he was the owner of the land and in possession thereof by tenant and there had been no service of process upon him. The special appearance was overruled. The record then shows: "And this cause coming on further to be heard upon the application of Peter C. Nelson, to be made party defendant, and the court being fully advised in the premises, it is ordered and decreed by said court that the said Peter C. Nelson, be and the same is hereby made a party defendant, and that said defendant is to show cause, if any he has why the sale heretofore made by the sheriff in this cause should not be confirmed." The plaintiff in error then appeared in the case and filed objections to the confirmation of the sale and urged the court to set aside and cancel the decree for the reason that the defendant Hans J. Nelson was, and had been during the pendency of the action, a resident of the state, was not personally served with summons and the attempted service by publication did not confer jurisdiction on the court to act in the cause; and also because the defendant Peter C. Nelson was the owner of the title to

the land and had been in possession by tenant and by agent, and that no process was ever issued or served on the defendant nor had the plaintiff secured service by publication, and that all proceedings theretofore had had been without jurisdiction.

It is quite obvious from the foregoing that, whatever may have been the situation as to want of jurisdiction over the person of the plaintiff in error prior to the time he obtained leave to be made a party defendant and enter objections to the confirmation of sale, he thereby made a general appearance and the court acquired jurisdiction over him for all purposes of the case. He has invoked the power of the court regarding other matters than that of challenging its jurisdiction over him; has made a general appearance and waived all objections as to the manner in which he was brought into court. The appearance made was a general one, and comes entirely within the rule stated in *Welch v. Ayres,* 43 Nebr., 326. See, also, *Aultman & Taylor Co. v. Steinan,* 8 Nebr., 109, 113; *Burnham v. Doolittle,* 14 Nebr., 214; *White v. Merriam,* 16 Nebr., 96, 98; *Bucklin v. Strickler,* 32 Nebr., 602; *Leake v. Gallogly,* 34 Nebr., 857; *South Omaha Nat. Bank v. Farmers & Merchants Nat. Bank,* 45 Nebr., 29. The other objection to the confirmation, viz., that there had been no proper service of process on the defendant, Hans J. Nelson, is not well taken. The action was one in which the jurisdictional steps required in obtaining service by publication had been complied with. Whether the defendant, Hans J. Nelson, might not have specially appeared and showed that he was and had been a resident of the state upon whom personal service might have been obtained and had the constructive service quashed is not before us and need not be discussed. Under the theory of the plaintiff in error and on the ground stated in the motion, this defendant, having disposed of the property on which the mortgage was being foreclosed, was not a necessary or indispensable party to the action and it became immaterial whether or not the court acquired jurisdiction over his

person. Certainly the plaintiff in error was in nowise prejudiced, conceding that proper service of summons had not been made, since whether he was in the case or not, could only be for the purpose of adjudicating his liability for a personal judgment, and this was a matter entirely at the option of the plaintiff in the action if, as the plaintiff in error says, he had disposed of his interest in the mortgaged property after the execution of the mortgage and before the commencement of the suit in foreclosure. The plaintiff in error, on the grounds stated in his motion, is not in a position to complain because personal service was not had on his co-defendant, nor is the want of such service sufficient reason for setting aside the sale made by the sheriff.

The order appealed from being free from error, it follows that the same should be affirmed, which is accordingly done.

AFFIRMED.

SULLIVAN, J., absent, not voting.