Nebraska Loan & Trust Co. v. Kroener.

NEBRASKA LOAN & TRUST COMPANY, APPELLEE, V. JOHANNA
   KROENER ET AL., IMPLEADED WITH THECLA LINDERMAN,
   APPELLANT.

FILED DECEMBER 18, 1901.   No. 10,817.

1. Summons: PLEADING: DEFENDANT: NAME: INITIALS.  Where a de-
   fendant is sued and summons served on her by her true full
   name, and she is also mentioned in the pleadings and summons
   by the initials of her given name, the court does not lose juris-
   diction over her by dismissing the action as to the person named
   and designated by the initial letters of the defendant's given
   name.

2. Appraisement: MOTION TO VACATE: OBJECTIONS TO CONFIRMATION:
   GENERAL APPEARANCE.  A party appearing in a case for the pur-
   pose of moving to vacate an appraisement of real estate for
   judicial sale and to interpose objections to the confirmation of
   sale on different grounds, not going to the jurisdiction of the
   court over the party, thereby makes a general appearance for
   all purposes of the case.

APPEAL from the district court for Dawson county.
Heard below before SULLIVAN, J.  *Affirmed.*

*John H. Linderman* and *Warrington & Stewart,* for ap-
pellant.

*John M. Ragan* and *George C. Gillan, contra.*

HOLCOMB, J.

This appeal has in it some of the peculiarities of a Dr.
Jekyll and Mr. Hyde.  Suit was instituted against appel-
lant by the name of Thecla A. Linderman and in the plead-
ings and summons she also appears to have been a defend-
ant by the name of T. A. Linderman.  No summons having
been served on her as T. A. Linderman, the action, as is
shown by the transcript, was dismissed as to T. A. Linder-
man and one other named as defendant.  Default was
taken as to all defendants served with summons, including
the defendant Thecla A. Linderman, and the cause pro-
ceeded to final decree.  Appellant now in court and before

us by virtue of her appeal from the final order entered in the trial court is insisting that she is a necessary party defendant in the action, and that she, having been dismissed from court, is no longer in court, and the order from which she appeals is therefore without jurisdiction over her person and invalid. The effect of the order dismissing the action as to T. A. Linderman, as we view the record, was to eliminate from the proceedings an improper and unnecessary name given the defendant, and allow the action to proceed against her in her true name. She was duly served with summons by her true name, which gave the court jurisdiction over her. The proceeding taken by which the action was dismissed as to T. A. Linderman appears to us proper under the circumstances, and wholly without prejudice to the party complaining. In any view as to the effect of the dismissal, the defendant now appealing was in court, having not only been legally served with summons, but, having appeared therein to move the court to set aside the appraisement, and for the purpose of objecting to the order of confirmation, she appeared generally, and gave to the court jurisdiction over her for all purposes of the case. *Nelson v. Nebraska Loan & Trust Co.,* 62 Nebr., 549, and authorities there cited.

The defendant Thecla A. Linderman was a proper and necessary party, and, she being in court, that was all that is required, and the ground of objection by which it is attempted to give her a dual character is too occult to entitle it to more extended consideration from a court whose docket is weighted down with matters of a more substantial and materialistic nature.

The judgment of the trial court is

AFFIRMED.