WILLIAM D. ARMSTRONG, APPELLANT, V. WILLIAM O. GRIFFITH, APPELLEE.

FILED OCTOBER 17, 1913.   No. 17,337.

1. Taxation: FORECLOSURE OF LIEN: CONSTRUCTIVE SERVICE: VOID SALE: REDEMPTION. Where jurisdiction in a tax foreclosure case is sought to be acquired by publication, there should be a strict compliance with the provisions of the statute; and, if the notice published is insufficient, a sale under it will be considered void in an action to redeem brought by one who holds the legal title.

2. ———: ———: ———: SUFFICIENCY. Where notice of publication was not addressed to the defendant, and the title of the case and the court in which it was brought were not set forth in the introductory paragraph of such notice, and it was not alleged in such paragraph that a petition had been filed, the service will be deemed insufficient because of the defects stated.

APPEAL from the district court for Keya Paha county: JAMES J. HARRINGTON, JUDGE. *Reversed with directions.*

*Allen G. Fisher, William P. Rooney* and *Andrew M. Morrissey,* for appellant.

*Lear & Lear,* contra.

HAMER, J.

This is an appeal from the judgment of the district court for Keya Paha county. The plaintiff, William D. Armstrong, alleges ownership of the land in controversy as grantee of the Muscatine Mortgage & Trust Company, and sues to redeem from a sale made under a decree of foreclosure of alleged tax liens. He claims that the deed made under the foreclosure proceedings is void for want of any notice to the Muscatine Mortgage & Trust Company or any appearance by it. The defendant had judgment. The publication notice was not directed to the defendant in the foreclosure proceeding, the Muscatine Mortgage & Trust Company. For a notice to be a good notice by which jurisdiction is acquired, it should address the defendant or defendants intended to be served. It may be that no particular form is necessary, but the defendant intended to be served should be directly addressed or the name should be included in the title of the case contained in the notice. The notice is addressed, "Notice to nonresident defendants," without saying what are the names of the defendants. Nor does the notice read as such notices are sometimes made to read by publishing the title of the case at the head of the notice. Where that is done, and the names of the parties appear as plaintiffs and defendants, and the court is mentioned, it is apparent that the desire of the plaintiffs is to bring the defendants into court in the particular case mentioned.

Section 79 of the code as it existed at the time of the publication, and as it now exists, reads: "The publication must be made four consecutive weeks in some newspaper printed in the county where the petition is filed, if there be any printed in such county; and if there be not, in

some newspaper printed in the state, of general circulation in that county. It must contain a summary statement of the object and prayer of the petition, mention the court wherein it is filed, and notify the person or persons thus to be served, when they are required to answer." In this case the publication fails to mention the court wherein the petition has been filed, and leaves out the word "petition" in the first paragraph of the notice, so that that paragraph fails to allege that any petition has been filed in the district court for Keya Paha county, or anywhere else. The first paragraph of the notice reads: "You and each of you will take notice that on the 9th day of July, 1900, the county of Keya Paha, plaintiff herein, filed in the district court in and for the county of Keya Paha, and state of Nebraska, against Muscatine Mortgage & Trust Company, nonresident defendants, the object and prayer of which are to foreclose the tax liens hereinafter described." As the publication is not directed to the Muscatine Mortgage & Trust Company, the defendant to be served, and that company is not pointed out as the defendant intended, therefore the notice published cannot be a sufficient notice. These provisions of section 79 are mandatory, and, unless complied with, there is no jurisdiction.

Section 80 of the code as it existed when the publication was made, and as it still exists, reads: "Service by publication shall be deemed complete when it shall have been made in the manner and for the time prescribed in the preceding section; and such service shall be proved by the affidavit of the printer or his foreman or principal clerk, or other person knowing the same." As the publication was not made in the manner prescribed by section 79, the proof by affidavit fails, and there is no basis upon which to assume jurisdiction. This court has insisted on a strict compliance with the statute in cases of this character. It also has been inclined to place upon the statute such a liberal interpretation as its terms might warrant touching the right to redeem. *Smith v. Carnahan,* 83 Neb. 667.

In Wade, Law of Notice (2d ed.) secs. 1135, 1136, it is, among other things, said: "In some of the states the original process by which the court obtains jurisdiction of the defendant is no longer styled a *writ of summons,* but is called simply a notice. * * * This process, being first in order, is also of primary importance in the institution of a suit either at law or in equity; for its due service, actually or constructively, is necessary to give the court jurisdiction either of the *defendant,* in personal actions, or of the *thing,* in actions *in rem.*"

In *Pomeroy v. Betts,* 31 Mo. 419, it is said: "An order of publication, where there are nonresident defendants, may be made by the court (or clerk, in vacation), upon an allegation in the petition or an affidavit, alleging the fact of such nonresidence, and *directed to the nonresidents,* notifying them, etc.

"Where a statute directs the publication of a notice having reference to personal right or to property, the requirements of the statute are to be strictly pursued." 29 Cyc. 1119, under the heading "By Publication."

The judgment of the district court is reversed and that court directed to proceed in harmony with this opinion. The plaintiff should be allowed to redeem upon the payment into court for the benefit of the defendant of such sum as will pay the amount of the interest and taxes and value of improvements. *Hayes County v. Wileman,* 82 Neb. 669.

REVERSED.


ROSE and SEDGWICK, JJ., dissenting.