K. JACKMAN, APPELLANT, V. CHARLES MILLER ET AL., APPELLEES.

FILED MARCH 21, 1930. No. 27030.

464

*Perry, Van Pelt & Marti* and *E. E. Jackman*, for appellant.

*George N. Gibbs, Cordeal, Colfer & Russell, Horth, Cleary & Suhr* and *Halligan, Beatty & Halligan,* contra.

Heard before Goss, C. J., Dean, Good, Thompson, Eberly and Day, JJ., and Paine, District Judge.

Thompson, J.

In this action, instituted in the district court for Perkins county, plaintiff, appellant, sought to foreclose a tax lien on certain lands in such county, the petition being in usual form. Service was attempted to be had on necessary defendants, appellees, the Millers, the Miners, and the Meisters, by publication of notice, and, in furtherance thereof, plaintiff filed an affidavit praying for such service, which affidavit, among other things, contained a reference to the petition and its purpose, and the further pertinent allegation: "That, after a diligent investigation, search and inquiry by the plaintiff, she is unable to ascertain and does not know the whereabouts or residence if in this state of the above named defendants." It was the claim of plaintiff that such quoted assertion met the demands of section 8584, Comp. St. 1922. An order of the judge authorizing

such publication was afterwards entered in harmony with our statute, and publication had. However, before default or judgment was entered, these above named defendants, respectively, interposed a special appearance challenging the court's jurisdiction over their persons, making no objection to the formal parts of the affidavit, but alleging that the above quoted facts were untrue, and were made for the express purpose of denying to such defendants knowledge of the pendency of the suit; further, that no personal service was had on them, and neither was there constructive service as provided for by law. On the issue thus raised, hearing was had to the court. At the close of the evidence, as we conclude, the court entered judgment sustaining the special appearance, set aside the order for service by publication, and on plaintiff's electing to stand on the service as made, the action was dismissed. Plaintiff appeals.

Is the affidavit such as is contemplated by the statutes providing for service by publication?

Section 8583, Comp. St. 1922, referred to in the aforesaid section 8584, so far as here material, provides: "Service may be made by publication in either of the following cases: * * * Fourth. In actions which relate to, or the subject of which is, real or personal property in this state, where any defendant has or claims a lien or interest actual or contingent therein, or the relief demanded consists wholly or partially in excluding him from any interest therein, and such defendant is a nonresident of the state or a foreign corporation; * * * Sixth. In all actions wherein the subject matter is as described in the first or fourth subdivisions of this section whether the defendant be a resident or nonresident of this state, wherein it is alleged in the petition or other pleading that the plaintiff or person in whose behalf such allegations are made, after diligent investigation and inquiry, is unable to ascertain and does not know the whereabouts if in this state or the residence of persons named or designated as defendants to such action, and when the court in which such action is docketed

or a judge thereof, being satisfied that sufficient investigation has been made, shall make an order in such action directing that service be had upon such defendant or defendants by publication."

Section 8584 provides: "Before service can be made by publication an affidavit must be filed that the case is one of those mentioned in the preceding section (8583), and that the defendant to be served is a nonresident of this state; * * * or that such defendant's whereabouts, if in this state, and residence are unknown to plaintiff or person in whose behalf such affidavit is made."

Considering these sections together, and in connection with the different situations sought to be covered by such sections, and the purpose which must have impelled the legislature to their enactment, we are impressed with the thought that to meet their requirements it was only necessary that the action be one affecting the properties and such interests therein, as are indicated by the context of these sections; and that the affidavit needs but to contain the language of such statute, or its equivalent, as it did in this case, and that by so doing the plaintiff was entitled to an order for service by publication, unless and until a challenge was interposed. The affidavit for publication, as we have seen, covered the provisions of the sixth subdivision of section 8583, hereinbefore quoted, to wit, that the plaintiff, "after diligent investigation and inquiry, is unable to ascertain and does not know the whereabouts if in this state or the residence of persons named or designated as defendants to such action." It is our view that such affidavit sufficiently complied with the statutory requirements, and clothed the court with jurisdiction to enter the order for service by publication, providing the allegations in the affidavit were true.

While we have considered the sufficiency of the affidavit, we have done so merely as illustrative of a question of practice, and as an aid in our further discussion herein, as the plaintiff, appellant, has limited our consideration in his brief, as follows: "There is no proposition of law involved

in this case. The only question involved is one of fact, whether the order sustaining the special appearance is sustained by the evidence."

Considering this submission in connection with the aforesaid sections of our statute, and the evidence, it logically follows: When, either before or after the entry of an order for service by publication, and before default is entered or judgment rendered, an objection is filed by an interested party impugning as untrue the facts alleged in plaintiff's affidavit, as in this case, then it becomes necessary for the court or judge to set the matter for hearing, and determine whether or not the challenged allegations are true. *Welch v. Ayres,* 43 Neb. 326. The legislature must have had in mind the far-reaching provisions of this enactment on property rights, and the grave consequences that would follow a careless or wrongful application thereof. Thus, the provision was inserted requiring "diligent investigation and inquiry," not the former alone, but the latter as well, each of which should be made before such an affidavit is entitled to be filed. As we said in *Armstrong v. Griffith,* 94 Neb. 515: "Where jurisdiction in a tax foreclosure case is sought to be acquired by publication, there should be a strict compliance with the provisions of the statute." Further, we might add that the evidence at the hearing was sufficient to, and did, establish that these challenging defendants were at all times involved herein actual residents of this state, and that diligent investigation and inquiry on the part of plaintiff, if, made, would have so disclosed. However, the evidence shows that no such investigation and inquiry were made. Thus, the affidavit was false as to these jurisdictional facts, and, being so, was *prima facie* fraudulent.

Under this record, the trial court was justified in sustaining the special appearance, and its judgment is

AFFIRMED.

GOOD, J., dissenting.

I do not agree to the holding that the record fails to show that plaintiff had made diligent investigation and inquiry

as to the residence and whereabouts of the defendants. In my view, the evidence is sufficient to show that the statute was complied with. As held by the majority opinion, the affidavit was sufficient in form. It satisfied the trial judge. He ordered service to be had upon defendants by publication. Pursuant to the order, the notice was published. It must have been brought to the attention of the defendants, because they made special appearance in court and objected to the jurisdiction on the ground that they had not been personally served with summons, and that the allegations of the affidavit for service by publication were untrue. The only evidence offered by defendants in support of their objections was an affidavit of one who was a brother-in-law of one of the parties. This affidavit was received in evidence over objection. Oral evidence was taken in court on behalf of the plaintiff, and an examination of the testimony of these witnesses convinces me that sufficient search and inquiry were made to justify the making of the affidavit.

In my opinion the special appearance should have been overruled, the judgment of dismissal reversed, and the cause remanded, with leave to defendants to file an answer setting up any defense they may have, and permitting a trial of the cause upon the merits.