IN RE ESTATE OF CASH D. FULLER.

CONTINENTAL NATIONAL BANK OF LINCOLN, APPELLEE, V. HARRIS L. FULLER, EXECUTOR, APPELLANT.

FILED MARCH 23, 1933. No. 28487.

*L. B. Fuller* and *Perry, Van Pelt & Marti,* for appellant.

*Maxwell V. Beghtol, Glen H. Foe* and *J. Lee Rankin,* contra.

Heard before Goss, C. J., Rose, Dean, Good, Eberly, Day and Paine, JJ.

GOOD, J.

Defendant has appealed from a judgment removing him from the position of executor of the will of his father, Cash D. Fuller. The only ground in the application for removal, and on which the county court acted, was failure of defendant to pay the claims against the decedent's

estate within the time previously limited by the order of the county court.

It appears that letters testamentary were issued to defendant October 30, 1929, and the same day the county court entered an order limiting the time for filing claims to March 3, 1930, and for the payment of claims to November 1, 1930. April 25, 1931, plaintiff, a creditor of the estate, filed petition for the removal of defendant on the ground above stated. Citation was issued to defendant, to which he made a return, and a hearing was had May 9, 1931. The order of removal was not entered until November 3, 1931, and the same day the county court appointed one Bodie as administrator *de bonis non* with the will annexed. Defendant appealed to the district court, where the judgment of the county court was affirmed, and from that judgment appeal was perfected to this court.

The judgments of the county court and of the district court, alike, are erroneous and cannot be sustained for two good and sufficient reasons: First, defendant could not have paid the claim of plaintiff at the time its petition was filed, or at the time of the hearing thereon, because such claim had not been adjudicated and allowed by the county court; secondly, there were no funds in the hands of the executor with which to pay the claim, had it been allowed.

It appears that the only assets of the decedent's estate which might have been available for the payment of claims of creditors was a 1600-acre ranch located in Chase county, Nebraska, and which was incumbered with a mortgage and taxes to an amount in excess of $8,000. This ranch at one time, a few years previously, had a value of more than $40,000. At the time the inventory of the estate was filed, it was listed as having a value of a little more than $17,000, from which would have to be deducted the incumbrance thereon. It also appears that the claims filed against decedent's estate amount to approximately $9,-500. The record shows more than ordinary diligence on

the part of defendant to find a purchaser for the ranch at a price that would approximately take care of the claims filed against the estate, but he was unsuccessful. At the time the petition for his removal was filed he had pending in the district court an application for license to sell the Chase county ranch, and such license was granted on the 29th of April, 1931. Pursuant to this license, the land was advertised and offered for sale. The only bid that could be obtained was for $10,000, which, had it been accepted, would have left little or nothing for the payment of creditors. In the exercise of his best judgment, defendant adjourned the sale, as he had a right to do under the statute, and later readvertised the land for sale, but prior to the time fixed for such sale he was removed by the order of the county court.

It is significant that practically all creditors of the estate, save the plaintiff, and representing more than 75 per cent. of the amount of claims, are objecting to the removal of the executor and objecting to the sale of the land at that time because, under present depressed financial conditions, its sale would not realize enough to pay any substantial portion of the claims against the estate.

The petition did not state a cause of action, in that it did not show that plaintiff had an adjudicated claim that could have been paid by the defendant; and, secondly, the petition failed to state that defendant had funds in his hands, available for the payment of claims, or any facts showing that he had been remiss in his duty to reduce the assets of the estate to cash.

Section 30-309, Comp. St. 1929, provides the grounds for the removal of an executor, and one of the grounds therein provided is that, if the executor shall neglect "to perform any decree of the court," the county court may remove such executor. In order that such neglect shall be ground for removal, it must appear that the executor has wilfully and without just cause neglected or refused to comply with the order and decree of the court. Moreover, in the instant case, there was no order that he pay

out of any funds in his hands the particular claim. The order entered was only a time limit generally for payment of claims. Certainly, the executor would not be remiss in his duties if the claims had not been allowed by the court, and, secondly, if, without any fault of his, no funds were in his hands, available for the payment of claims, he could not comply with the direction. The legal maxim, *lex non cogit ad impossibilia,* meaning, "The law does not compel a man to do that which he cannot possibly perform," is quite applicable to the situation here disclosed.

It follows that the judgment removing defendant from his position as executor is erroneous; and likewise the order, appointing Bodie as administrator *de bonis non* with the will annexed, is erroneous.

The judgment of the district court is reversed, and the cause remanded to that court, with directions to enter judgment in accordance with this opinion, and to certify such judgment to the county court for its action, in compliance with such judgment.

REVERSED.