Lincoln Joint Stock Land Bank, appellee, v. Lucien B. Fuller, pro per and trustee, et al., appellants.

273 N. W. 14

Filed April 30, 1937. No. 29964.

*Perry, Van Pelt & Marti* and *L. B. Fuller,* for appellants.

*Beghtol, Foe & Rankin* and *Clyde Anderson, contra.*

Heard before Goss, C. J., Good, Eberly, Day, Paine and Carter, JJ., and Blackledge, District Judge.

Carter, J.

This is an appeal from an order of the district court for Chase county confirming a sale of real estate under a foreclosure decree entered in that court.

It is the contention of appellants that Harris L. Fuller, as executor of the estate of Cash D. Fuller, was a necessary party and should have been made a party to the suit,

that the district court for Chase county was without jurisdiction to sell the lands, and that the property sold for such a grossly inadequate price that another sale should have been awarded.

The record discloses that Cash D. Fuller died seised of the lands involved in this litigation prior to the commencement of the foreclosure suit and that Harris L. Fuller and the Lincoln National Bank & Trust Company were duly appointed as coexecutors under the will of Cash D. Fuller. It further appears that on April 20, 1931, the executors of the estate of Cash D. Fuller obtained a license to sell the lands in Chase county to pay the debts of the estate. On November 3, 1931, the county court of Lancaster county removed Harris L. Fuller and the Lincoln National Bank & Trust Company as executors of the estate and appointed Fred E. Bodie in their stead, as administrator with will annexed. This order of removal was appealed from by Harris L. Fuller and, on March 23, 1933, the order of removal was reversed and Harris L. Fuller reinstated as executor of the estate of Cash D. Fuller by this court. *In re Estate of Fuller*, 124 Neb. 591, 247 N. W. 415. On November 18, 1931, this suit to foreclose plaintiff's mortgage was commenced, in which Fred E. Bodie, administrator with will annexed, was named as a party defendant. It is the contention of appellants that, as Fred E. Bodie was never regularly and legally appointed administrator with will annexed of the estate of Cash D. Fuller, the personal representative of the estate was never made a party and that the decree of foreclosure is therefore void. We do not deem it necessary to determine whether the personal representative of the estate was a necessary party, in view of the fact that the record shows that Harris L. Fuller as executor made numerous appearances in the case and thereby submitted to the jurisdiction of the court. The record shows that on February 16, 1936, Harris L. Fuller, as executor, filed objections to the confirmation of the sale held on December 2, 1935, and procured an order from the court setting aside the sale. Harris L. Fuller, as executor,

also filed objections to the confirmation of the sale held on April 27, 1936, and on May 7, 1936, appeared by his attorney and participated in the hearing which resulted in the confirmation of sale from which this appeal was taken. Under these circumstances, Harris L. Fuller, as executor, is in no position to urge error for the reason that he was not made a party to the suit. In *Nelson v. Nebraska Loan & Trust Co.*, 62 Neb. 549, 87 N. W. 320, this court said: "It is quite obvious from the foregoing that, whatever may have been the situation as to want of jurisdiction over the person of the plaintiff in error prior to the time he obtained leave to be made a party defendant and enter objections to the confirmation of sale, he thereby made a general appearance and the court acquired jurisdiction over him for all purposes of the case. He has invoked the power of the court regarding other matters than that of challenging its jurisdiction over him; has made a general appearance and waived all objections as to the manner in which he was brought into court. The appearance made was a general one, and comes entirely within the rule stated in *Welch v. Ayres*, 43 Neb. 326. See, also, *Aultman & Taylor Co. v. Steinan*, 8 Neb. 109, 113; *Burnham v. Doolittle*, 14 Neb. 214; *White v. Merriam*, 16 Neb. 96, 98; *Bucklin v. Strickler*, 32 Neb. 602; *Leake v. Gallogly*, 34 Neb. 857; *South Omaha Nat. Bank v. Farmers & Merchants Nat. Bank*, 45 Neb. 29." Harris L. Fuller is clearly within the rule thus announced.

The appellants also contend that, when the district court for Lancaster county granted a license to the executor to sell the Chase county lands, exclusive jurisdiction was obtained over said lands and that the district court for Chase county was without jurisdiction to proceed with the sale of the property. The record shows that the license to sell issued by the district court for Lancaster county was under date of April 20, 1931. This license to sell expired one year from the date of its issuance, under the provisions of section 30-1114, Comp. St. 1929. Assuming that exclusive jurisdiction to sell the property in question was obtained by the district court for Lancaster county on April 20, 1931,

that exclusive jurisdiction was lost one year later by the statutory limitation above noted. The last order of sale issued by the district court for Chase county was under date of March 23, 1936, and there having been no new license to sell the property issued by the district court for Lancaster county after the expiration of the license to sell issued under date of April 20, 1931, and prior to the issuance of the order of sale by the district court for Chase county on March 23, 1936, it is apparent that jurisdiction to sell the property then reposed in the district court for Chase county. This being true, the district court for Chase county was no longer divested of its statutory authority to enforce its decree of foreclosure by a sale of the property.

We are familiar with the rule announced in *Terry v. State,* 77 Neb. 612, 110 N. W. 733, in which we said: "It is a well-settled rule that where one court of competent jurisdiction in a proceeding *in rem* obtains jurisdiction of the *res,* or, in other words, the thing in controversy, no other court can acquire jurisdiction over it." The reason for this rule is well expressed in *Leigh v. Green,* 62 Neb. 344, 86 N. W. 1093, in which this court said: "This rule has its foundation, it would appear, not merely in comity, but in necessity; for were it otherwise, the orders of one court might be offset by those of another, and the parties left without any remedy; besides, in their rivalry for possession of property in controversy, a conflict would arise that would not only be embarrassing in the administration of justice, but would be liable to lead to unseemly strife and personal conflicts between the officers of the different courts. A study of the cases cited shows that in each case the property was in the actual or constructive possession of the court whose jurisdiction was invaded. The decisions are based, in most cases, upon the facts that the subsequent proceedings in another court would interfere with such possession." The reasons for the rule do not exist in the case at bar, therefore the rule does not apply. The property involved herein was not in constructive possession of the district court for Lancaster county for the rea-

son that it had lost its claimed exclusive jurisdiction over it. The powers and authority of the district court for Lancaster county were not invaded by the prosecution of this suit in Chase county for the reason that it had, at the time, no power or authority over the *res* to be invaded.

Appellants next contend that the property did not sell for a reasonable and fair value and that the sale price was so grossly inadequate that it should have been set aside by the trial court. The property sold for $1,899.44, subject to prior liens of more than $10,000 so that the property in fact sold for almost $12,000. Appellants produced the affidavits of several witnesses who stated that the reasonable cash market value of said land is at least $20,000. Appellees offered no evidence as to the value of the land. The record shows, however, that this land had been sold twice previously at foreclosure sales, which sales had been set aside by the trial court. There is no evidence in the record that the land would bring any greater amount at a subsequent sale or that there were any prospective purchasers who would bid a greater amount if another sale was had. The question is whether the trial court was justified in confirming the sale on this state of the record.

We are convinced that the results obtained from three sales of this property furnish a fair and just criterion of the value of the property upon which the court might act. It is at least sufficient to present an issuable fact as against the opinion evidence contained in the affidavits offered in evidence by the appellants. In the case of *Nitro-Phosphate Syndicate v. Johnson*, 100 Va. 774, 42 S. E. 995, the court said: "In the light of this well-established doctrine, we might, without further consideration, dismiss the subject of the alleged inadequacy of price, for it will hardly be contended that if this sale had been effected between the parties hereto, that a court of equity would, at the instance of the vendor, set the sale aside upon the ground that the price paid was inadequate. It may, however, be added that after full notice, an open sale fairly conducted, in the face of such competition as can be attracted, the highest bid which is

made is a fair and just criterion of the value of the property at that time; and so, after stated opinions, affidavits of under value, etc., are regarded with but little favor, and estimated as of little weight, in the presence of the fact established by the auction and its results. *Todd v. Gallego Mills Mfg. Co.*, 84 Va. 586, 591." While this court is unwilling to adopt this statement as the law of this jurisdiction, we believe that it is authority for our statement that three sales of real estate may furnish a sufficient criterion of the value of the property upon which a trial court may act. While opinion evidence is almost always necessary in fixing the market value of land, it is not always controlling. The trial court apparently gave it little weight in the case at bar when the results of three public auctions of the land were presented to it. In this we believe the trial court was justified. Opinion evidence must give way to facts, and, after three sales, none of which brought over $12,000, it would seem that the trial court was amply justified in finding that the market value did not exceed that amount.

We find no error in the record and the judgment is affirmed with leave to redeem granted to the owners of the equity of redemption prior to the issuance of the mandate of this court.

AFFIRMED.