PRUDENTIAL INSURANCE COMPANY, APPELLEE, V. GEORGE A. NORALL, ADMINISTRATOR, APPELLANT.

300 N. W. 349

FILED OCTOBER 10, 1941. No. 31182.

*Hamilton & Landis,* for appellant.

*Wilber S. Aten, Clinton B. Nasby, Harold M. Peyton* and *Joseph H. Sauer, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, MESSMORE and YEAGER, JJ., and FALLOON and ELLIS, District Judges.

SIMMONS, C. J.

Defendant appeals from an order of confirmation of a sale in a mortgage foreclosure. Plaintiff moves to dismiss the appeal. This motion is overruled and the cause considered on its merits. The question is: Did the trial court err in confirming the sale?

The premises were sold on August 19, 1940, and on objection the sale was set aside and a new sale ordered. Pending the second sale unsuccessful attempts were made to sell the land at private sale. The second sale was had October 21, 1940. The bid, made by a third party, was.

$3,555, that being the approximate amount then due on the decree, including costs. Objection to confirmation was filed based upon the claim that the sale price was inadequate. Hearing upon motion for confirmation was had. Plaintiff's witnesses show the value of the land to be from $3,000 to $4,000. Defendant's witnesses fix the value as high as $6,000. One witness fixes the value at from $50 to $75 an acre. The exact number of acres in the tract is not clear from the evidence. This witness, however, stated that it would be hard to get $4,500 for the land. There is evidence of a hope for higher prices based on increased rains and the possibility of irrigation of a part of the tract. However, in the language of the trial court, "Nobody here is offering more. No record of anybody who will give more." Under similar circumstances, this court has on many occasions declined to set aside an order of confirmation.

"An order confirming a judicial sale under a decree foreclosing a mortgage on real estate will not be reversed on appeal for inadequacy of price, when there was no fraud or shocking discrepancy between the value and the sale price, and where there is no satisfactory evidence that a higher bid could be obtained in the event of another sale." *Equitable Life Assurance Society v. Buck*, 138 Neb. 203, 292 N. W. 605.

The decree of the district court is affirmed, with leave to the defendant to redeem within thirty days from the issuance of the mandate.

AFFIRMED.