MADISON COUNTY, APPELLEE, V. RICHARD HENRY CHARLES CRIPPEN, APPELLEE: DALLAS P. WETZEL, APPELLANT.
10 N. W. (2d) 260

FILED JUNE 11, 1943. No. 31548.

*R. J. Shurtleff*, for appellant.

*H. G. Greenamyre, Andrew D. Mapes, Donald D. Mapes* and *Frederick M. Deutsch, contra.*

*William R. Patrick, Arthur J. Whalen* and *William H. Thompson, amici curiæ.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CARTER, J.

This suit was commenced by the county of Madison to obtain a foreclosure of a number of tax sale certificates under the provision of section 77-2040, Comp. St. 1929. A decree was obtained, an order of sale issued and the real estate involved in this appeal was sold to a stranger to the proceedings for less than the amount of the decree. The appellant as owner of the property offered to redeem the real estate for the amount of the bid, plus interest and costs. The trial court refused to permit a redemption on this basis and the owner of the real estate appeals.

The tax sale certificates involved in this suit were purchased by the county and held more than two years before the foreclosure action was instituted. The question for determination is the amount necessary for the owner to pay in order to redeem his real estate from a tax sale foreclosure when the certificates of tax sale were purchased by the county and held for more than two years before instituting action, and where the real estate has been sold at sheriff's sale to a person not a party to the action for a sum less than the amount of the decree, interest and costs.

The right to redeem is purely statutory. *Gosmunt v. Gloe,* 55 Neb. 709, 76 N. W. 424. The question must therefore be determined from the statutes on the subject, the

intent of the legislature as expressed therein being the controlling factor.

It is the contention of the appellant that redemption can be had by the owner under the provisions of section 77-2047, Comp. St. 1929, which provides in substance that a redemption can be had by the payment of the sum for which the land was sold, with interest and costs to date of confirmation (redemption).

Appellee contends that as the tax foreclosure suit was commenced under section 77-2040, the language of that section prevails, such pertinent language being "such real estate to be sold for the satisfaction thereof and all prior or subsequent tax liens thereon, in all respects as far as practicable in the same manner and with like effect as is provided for the foreclosure of real estate mortgages." The statute dealing with redemptions in real estate mortgage foreclosure actions is section 20-1530, Comp. St. 1929, which provides in substance that an owner may redeem at any time before confirmation by paying the amount of the decree with interest and costs, and, in addition thereto, if the land has been sold to a person not a party plaintiff, interest to the purchaser at the rate of 12 per cent. per annum on the amount of the purchase price from the date of sale to the date of redemption.

We are of the opinion that section 77-2040 clearly indicates a legislative intent that foreclosures of tax certificates under that section were to be in accordance with section 20-1530, the statute providing the method to be employed in the foreclosure of real estate mortgages. The specific reference to the mortgage foreclosure statute in section 77-2040 must, under all canons of statutory construction, take preference over a general tax redemption statute to which no reference has been made. We think this rule has been correctly applied in previous decisions of this court. See *Mummert v. Grant,* 118 Neb. 651, 225 N. W. 773; *Knox County v. Perry,* 142 Neb. 678, 7 N. W. (2d) 475. Some reference is made in the briefs to section 77-2039, Comp. St. 1929, as providing an applicable method of redemption

in a tax foreclosure commenced under section 77-2040. We think that the method of redemption provided by section 77-2039 applies only to tax foreclosures commenced under that section of the statute. It has no application to section 77-2040.

The plaintiff urges that the method of redemption provided by section 77-2047 is void as being a commutation of taxes prohibited by section 4, art. VIII of the Constitution of Nebraska. This question was not raised in the district court and consequently the issue cannot be raised here. *Mergenthaler Linotype Co. v. McNamee,* 125 Neb. 71, 249 N. W. 92; *Howarth v. Becker,* 128 Neb. 580, 259 N. W. 507.

The National Bank of Norfolk, as assignee of the rights of the purchaser at the judicial sale of the real estate involved in the fourteenth cause of action, filed a motion to dismiss the appeal for the reason that all parties affected by the appeal were not made parties. It is contended that the bank as the assignee of record of the interests of the purchaser is thereby a party to the suit and a necessary party to an appeal. We have held on numerous occasions that a purchaser at a judicial sale, by reason of his status as purchaser, becomes a party to the proceedings and entitled to enforce any rights secured by his purchase. *Kansas City Life Ins. Co. v. Neverve,* 135 Neb. 630, 283 N. W. 378. The rule also is that all parties to a cause tried in the district court who may be affected by an appeal are necessary parties in the supreme court. *Barkley v. Schaaf,* 110 Neb. 223, 193 N. W. 267. The purchaser in the instant case was, therefore, a necessary party to this appeal. The question is whether the purchaser was properly made a party to the appeal.

It will be noted that under the provisions of section 20-1912, Comp. St. Supp. 1941, an appeal is perfected and the jurisdiction of the supreme court is complete upon the filing of a notice of appeal and the depositing of the required docket fee in the office of the clerk of the district court within the prescribed time. Jurisdiction of the cause and the parties thereto is thereby obtained by the supreme

court. No præcipe or other designation of parties is required. This statute was designed to simplify appellate procedure by removing technical jurisdictional refinements, and for us to add to the minimum requirements prescribed by this statute would be a step toward the defeat of the beneficent purposes intended to be accomplished by the act. We therefore hold that the filing of the notice of appeal and the depositing of the docket fee in accordance with section 20-1912, Comp. St. Supp. 1941, gives this court jurisdiction of the cause and the persons made parties thereto in the district court. The purchaser is therefore a party to the present appeal and the motion to dismiss is overruled.

It is next urged that the appellant was never made a party to the suit in the district court and that he has no right to appeal. The transcript shows that the Nebraska State Bank Liquidation Association was the record owner of the lands involved in the fourteenth cause of action when the suit was commenced. The order of confirmation shows that the appellant was the real owner by virtue of an unrecorded deed shown by such order to have been offered in evidence without objection being made thereto. No bill of exceptions has been filed in this court; the presumption, therefore, being that the evidence supports the findings of the trial court. The trial court overruled the objections to confirmation filed by appellant and denied his application to redeem under the provisions of section 77-2047, and confirmed the sale. On application of appellant a supersedeas bond was fixed by the trial court. We think the trial court's action in considering and passing upon appellant's rights upon pleadings filed and evidence adduced, without objection by any one, had the effect of making the appellant a party to the proceedings. Certainly, under such circumstances the purchaser cannot contest with the owner in the district court and successfully object for the first time on appeal on the ground that a formal order making him a party had not been entered in the district court. We hold that under the circumstances shown the undisputed real owner had a right to appeal from the order of the district court

denying his right to redeem. While we have found that the trial court correctly denied the application to redeem in the district court, the right of appellant to maintain this appeal was necessary to be established in order for us to consider his application made in this court for leave to redeem under the statute found to be applicable by this court.

We have permitted redemptions in real estate foreclosures after the issuance of the mandate of this court. *Prudential Ins. Co. v. Norall*, 140 Neb. 431, 300 N. W. 349. We can see no good reason why an owner of property subjected to tax foreclosure proceedings should have any less right to redeem after the final disposition of controversial issues than an owner whose lands have been subjected to a real estate mortgage foreclosure. The appellant as the owner of the lands involved is therefore granted leave to redeem in accordance with this opinion within 30 days from the issuance of the mandate.

We hold therefore that the trial court properly denied the appellant's application to redeem under section 77-2047 and that the correct amount to be paid to secure a redemption from a foreclosure sale commenced under section 77-2040, when the real estate has been sold for an amount less than the amount of the decree, to a stranger to the suit, but not confirmed, is the amount of the decree, interest and costs, plus interest on the amount of the purchase price at 12 per cent. per annum from date of sale to the date of redemption.

AFFIRMED.