WILLIAM G. SCHMEHL, APPELLANT, v. BUFFALO COUNTY, NEBRASKA, ET AL., APPELLEES.

30 N. W. 2d 882

Filed February 6, 1948.    No. 32361.

*S. E. Torgeson, L. Verne Halcomb,* and *Bernard F. O'Brien,* for appellant.

*O. A. Drake,* for appellees.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and WESTERMARK, District Judge.

WESTERMARK, District Judge.

In an action commenced September 13, 1939, wherein Buffalo County had foreclosed several tax sale certificates, the district court for Buffalo County denied ap-

pellant's petition to vacate the order of confirmation and to redeem, filed about three months after the order for confirmation had been entered. The appellant will hereinafter be designated as petitioner.

The petitioner was the owner of Lot 14, and the south four feet of Lot 15, Block 29, Original Town of Ravenna, Nebraska, which was described and involved in Cause of Action No. 729.

The petitioner urges that no service of summons was had upon him; that the attempted service by publication did not confer jurisdiction upon him or his property; that the decree and order of confirmation are void for want of jurisdiction; that he was not given an opportunity to be heard on objections to confirmation; and that if this court should find that the court did have jurisdiction in the foreclosure action, he should be given a reasonable time to redeem after the mandate is issued.

It appears that at the time the foreclosure action was commenced and at all times thereafter the petitioner was and is a resident of Nebraska, residing in Cheyenne County, Nebraska, which could have been ascertained by inquiry. The attempted service was by publication supported by an affidavit that defendant was a nonresident of Nebraska, or such defendant's whereabouts, if in this state, were unknown to plaintiff and its attorney. Upon this affidavit an order for publication was made by the court.

It is obvious, if jurisdiction rested on constructive service alone, that the court would not have had jurisdiction of defendant or his property, and the decree of foreclosure and order of confirmation would have been void. See Armstrong v. Griffith, 94 Neb. 515, 143 N. W. 461; Hayes County v. Wileman, 82 Neb. 669, 118 N. W. 478; Hassett v. Durbin, 132 Neb. 315, 271 N. W. 867; Jackman v. Miller, 119 Neb. 463, 229 N. W. 778.

Was jurisdiction acquired over petitioner and the property during the pendency of the action before confirmation? The court must answer this in the affirmative.

The petitioner, having learned of the sale, filed written objections to confirmation on December 6, 1940. These set forth that petitioner had not been served with summons; the bid was grossly inadequate; a resale would bring a larger amount; and prayed that the sale be set aside and confirmation be refused.

The petitioner by his objections not only objected to jurisdiction, but stated that the price was grossly inadequate and a resale would bring a larger amount. Certainly, by implication he suggested to the court that the court enter an order directing another sale. 3 Am. Jur., Appearance, § 3, p. 783, states the rule as follows: "A general appearance may rise by implication from the defendant's seeking, taking, or agreeing to take some step or proceeding in the cause, beneficial to himself or detrimental to the plaintiff, other than one to contest the jurisdiction only." The opinion in Nelson v. Nebraska Loan & Trust Co., 62 Neb. 549, 87 N. W. 320, is in point. The appellant therein, not a party, asked leave to be made a party and file objections to confirmation. The court said: "He has invoked the power of the court regarding other matters than that of challenging its jurisdiction over him; has made a general appearance and waived all objections as to the manner in which he was brought into court. The appearance made was a general one, and comes entirely within the rule stated in Welch v. Ayres, 43 Nebr., 326." This case was followed in Nebraska Loan & Trust Co. v. Kroener, 63 Neb. 289, 88 N. W. 499. See, also, Lincoln Joint Stock Land Bank v. Fuller, 132 Neb. 677, 273 N. W. 14.

It is not alleged in the petition that the plaintiff practiced any fraud, or misled the petitioner's attorneys relating to the time of the hearing on objections to confirmation. The petitioner bases his right to have the order of confirmation set aside on the ground of improper service. Therefore the district court could not consider the matter of notice as to the hearing on objections to confirmation.

However, since the petitioner complains in this court that he did not have the opportunity to be heard on his objections which denied him his right to his day in court, we deem it proper to make the following observations.

The record shows that on December 14, 1940, the court entered the order, confirming the sale, and ordered the sheriff to execute and deliver sheriff's deed to Albert O. Skochdopole, the purchaser.

At the trial on the petition to vacate the order of confirmation and right to redeem, the petitioner presented the affidavit of one of his attorneys, admitted by stipulation, setting out the correspondence relative to the date set by the court for the hearing on confirmation between one of the attorneys for the petitioner, the clerk of the district court, and the attorney for the plaintiff. The affidavit recites that the affiant received a communication from the clerk of the district court, advising him that the court gave all objectors until Saturday, December 14, 1940, to show cause why confirmation should not be had, and that on or about December 12, 1940, affiant received a letter from the attorney for plaintiff, which advised him that objections to confirmation would be taken up "next Saturday morning at 9 o'clock."

The affidavit further states that on December 10, 1940, the affiant sent a letter to the attorney for plaintiff, advising him that "It is going to be impossible for the writer to be in your city December 14, and we should appreciate it very much if the matter of presenting evidence can be postponed * * *."

There is nothing in the exchange of letters as presented by the affidavit which suggests that plaintiff would continue the hearing for confirmation, and petitioner and his attorneys are not in a position to complain. Before a party can complain because a hearing was had without his presence, it must appear that the representation not to proceed was in writing, or made in open court. See Drake v. Ralston, 137 Neb. 72, 288 N. W. 377.

The petitioner urges that this court should grant him the right to redeem if it sustains the findings of the district court. He cites Prudential Ins. Co. v. Norall, 140 Neb. 431, 300 N. W. 349, a mortgage foreclosure case, and Madison County v. Crippen, 143 Neb. 474, 10 N. W. 2d 260, a tax foreclosure case, wherein this court established the precedent of permitting redemption after the issuance of the mandate. In those cases the controversial issues were tried de novo in this court on appeal from orders made on confirmation, which authorized the court to permit redemption. The rights of the purchaser in those cases depended upon the findings of this court and were not absolute until such findings were made.

The petitioner did not appeal from the order for confirmation. He filed a petition to set aside the order of confirmation. This is a proceeding wherein it is sought to attack the jurisdiction of the court over the petitioner and the property involved, and have the order of confirmation vacated and set aside. This court, having concluded that the order of confirmation is valid, has no authority to permit redemption. The rights of the purchaser became absolute upon confirmation. Therefore, the application is denied.

AFFIRMED.